UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * *
* *
                                              *
Brian Mehlman                                 *
                          Plaintiff           *
                                              *     Civil Action No. _____
v.                                            *
                                              *
Network Appliance, Inc.                       *
                                              *     JURY DEMANDED
                          Defendants          *
                                              *
* * * * * * * * * * * * * * * * * * * * * * *
* *
```

04 12533 WGY

MAGISTRATE JUDGE Alexander

RECEIPT # 60479
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1 ✓
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. FDM
DATE 12-2-04

## COMPLAINT

Plaintiff Brian Mehlman ("Mehlman"), by his undersigned attorneys, for his complaint against defendant alleges as follows:

## PARTIES

1.     Plaintiff Brian Mehlman is an individual residing at 25 Hazel Avenue, Nashua, New Hampshire 03062.

2.     Defendant Network Appliance, Inc. ("Network Appliance") is, upon information and belief, a Delaware corporation with its corporate headquarters at 495 East Java Drive, Sunnyvale, California and a corporate office located at 375 Totten Pond Road, Waltham, Massachusetts. Network Appliance was and is in the business of producing, distributing and selling software and hardware products and services relating to data storage. Network Appliance regularly solicits and transacts business in Massachusetts in that it markets and sells

software, hardware and services within Massachusetts on a regular basis and has been doing so for a number of years.

## JURSIDICTION AND VENUE

3. Jurisdiction in this Court is based on 28 U.S.C. §1332. The parties are citizens of different states and the amount in controversy is greater than $75,000.

4. Venue in this Court is proper under 28 U.S.C. §§1391(a) and (c).

5. As described below in more detail, a substantial part of the events giving rise to the claims in this matter took place in Massachusetts.

## COUNT I (BREACH OF CONTRACT)

6. Plaintiff incorporates and restates as though fully set forth herein the allegations contained in Paragraphs 1 through 5 of this complaint.

7. In the fall of 2000, Network Appliance acquired WebManage Technologies, Inc. ("WebManage"), a company based in Chelmsford, Massachusetts by whom plaintiff was employed at the time. As of the time of Network Appliance's acquisition of WebManage, Mehlman was entitled to and owned stock options of WebManage pursuant to WebManage's employee stock option plan.

8. On or about September 8, 2000, Network Appliance forwarded to Mehlman an employment offer setting forth the terms of proposed employment with Network Appliance. Mehlman was persuaded by the terms of that offer to accept employment with Network Appliance and he accepted that offer. The September 8, 2000 letter (the "September 8, 2000 Letter Agreement") constituted the terms of employment between Mehlman and Network Appliance.

2

9. Pursuant to the September 8, 2000 Letter Agreement, Network Appliance stated that it would

> "grant to you options that have an approximate value at the closing of $600,000. This value is comprised of a value assigned shares currently owned ($347,264) with WebManage and options given upon joining Network Appliance ($252,736)."

According to press releases issued by Network Appliance, Network Appliance closed the transaction whereby it acquired WebManage on or about November 13, 2000.

10. As of that date, plaintiff had vested and exercisable WebManage options that were to be converted to 1600 shares of Network Appliance options at a "strike" price of $10. Based on the stock value at that time, such shares had a value of over $170,000 at that time. Additional options for approximately 300 shares of stock with the same strike price fully vested as of the beginning of January, 2001.

11. The plaintiff attempted to exercise his fully vested options after November 13, 2000 but was not permitted to do so by Network Appliance. He was precluded from exercising any options until approximately February 5, 2001.

12. Upon information and belief, the inability to exercise the fully vested options was the result of the failure of Network Appliance to promptly file a Form S-8 with the Securities and Exchange Commission. Upon information and belief, Network Appliance filed an S-8 with respect to at least one other acquisition within two weeks of the closing of that transaction.

13. During the period of time in which plaintiff should have been able to exercise his fully vested options but was unable to do so (i.e., November 13, 2000 through February 5, 2001, the value of Network Appliance stock diminished by approximately $60 per share.

3

14. In approximately early February, plaintiff was provided with documentation concerning his stock options. As of the date that he was provided with documentation concerning stock options from Network Appliance, those stock options did not have a value of $600,000 as stated in the Employment Agreement. Instead, the stock options had a value of substantially less than half of that amount because of the diminution of value of Network Appliance stock. Nevertheless, Network Appliance took no actions either in terms of adjusting strike prices of stock or providing more stock, to provide stock options at the closing with a "value of" $600,000.

15. During the period of time in which plaintiff should have been able to exercise his fully vested options but was unable to do so executives and other employees of Network Appliance were able to exercise options.

16. Defendant Network Appliance's failure to permit plaintiff to exercise his vested options immediately following the commencement of his full time employment with Network Appliance as of November 13, 2000, represents a breach of the September 8, 2000 Letter Agreement. In addition, the failure to provide options at the closing with a value of $600,000 also represents a breach of the September 8, 2000 Letter Agreement. As a result of the breaches of the September 8, 2000 Letter Agreement, plaintiff has been damaged in an amount to be determined at trial with such damages including, but not necessarily limited to, the difference between the value that he received and the value he was supposed to receive. Plaintiff also is entitled to appropriate interest and cost of this action.

### COUNT II (BREACH OF FIDUCIARY DUTY)

17. Plaintiff incorporates and restates as though fully set forth herein the allegations contained in Paragraphs 1 through 16 of this complaint.

18. Defendant sought and plaintiff reposed special trust and confidence in defendant. Defendant managed the stock options on behalf of plaintiff and other employees without interference and with no supervision by plaintiff and other employees. Defendant had a duty to act in plaintiff's best interest.

19. Upon information and belief, defendant's actions as set forth above, including failure to file the S-8 on a timely basis, breached defendant's fiduciary duties to the plaintiff and caused damage to plaintiff in an amount described above and to be determined at trial. Plaintiff also is entitled to appropriate interest and costs of this lawsuit.

## COUNT III (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

20. Plaintiff incorporates and restates as though fully set forth herein the allegations contained in Paragraphs 1 through 19 of this complaint.

21. Plaintiff's agreement with defendant included an implied covenant of good faith and fair dealing.

22. Defendant's actions and inactions as described above constitute breaches of the implied covenant of good faith and fair dealing. As a direct and proximate result of defendant's breach of the covenant of good faith and fair dealing, plaintiff has been damaged in an amount to be determined at trial including the damages described above. Plaintiff also is entitled to appropriate interest and costs.

## COUNT IV (NEGLIGENCE)

23. Plaintiff incorporates and restates as though fully set forth herein the allegations contained in Paragraphs 1 through 22 of this complaint.

24. Defendant owed plaintiff a duty of care with respect to its responsibilities with respect to the employee stock option plans.

25. Upon information and belief, defendant breached its duties of care by, among other things, failing to file the Form S-8 on a timely basis.

26. As a direct and proximate result of defendant's breaches of duty, plaintiff has been damaged, including the damages described above, in an amount to be determined at trial. Plaintiff also is entitled to appropriate interest and costs of this lawsuit.

### COUNT V (QUANTUM MERUIT/UNJUST UNENRICHMENT)

27. Plaintiff incorporates and restates as though fully set forth herein the allegations contained in Paragraphs 1 through 26 of this complaint.

28. By securing Mehlman's services through promises of compensation, and compensating Mehlman at a lower compensation than promised or appropriate, defendant obtained the benefit of Mehlman's services without paying him the reasonable value of his services. Defendant was unjustly enriched by such conduct.

29. As a result of such conduct, plaintiff is entitled receive damages including difference between the reasonable value of his services as set forth in the September 8, 2000 Letter Agreement and the compensation he actually received. Plaintiff also is entitled to appropriate interest and costs of this lawsuit.

### JURY DEMAND

30. Plaintiff requests a jury on all issues triable by jury.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendant:

A. Awarding plaintiff damages to be determined at trial;

B. Awarding plaintiff reasonable attorneys' fees and costs of this action;

C. Awarding appropriate interest; and

D. Granting plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

Brian Mehlman
by his attorneys,

COOK, LITTLE, ROSENBLATT
& MANSON, P.L.L.C.

Dated: 12/0/04        By: _____
Arnold Rosenblatt (BBO# 638526)
650 Elm Street
Manchester, NH 03101
(603) 621-7102

7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Brian Mehlman v. Network Appliance, Inc.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
             * Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). __None__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
   YES ☐   NO ☒
   (a) IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? __Eastern__

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐ NO ☐   OR WESTERN DIVISION; YES ☐ NO ☐

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION ☐    MEDIATION ☒    SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐                  OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Arnold Rosenblatt, Esquire__
ADDRESS __Cook, Little, Rosenblatt & Manson, 650 Elm Street, Manchester, NH 03101__
TELEPHONE NO. __603-621-7100__

(Category Form.wpd - 3/28/2000)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Brian Mehlman
25 Hazel Avenue
Nashua, NH 03062

(b) County of Residence of First Listed Plaintiff __Hillsoborough__
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
Network Appliance, Inc.
375 Totten Pond Road
Waltham, MA

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Arnold Rosenblatt
Cook, Little, Rosenblatt & Manson, p.l.l.c.
650 Elm St.
Manchester, NH 03101  603-621-7100

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury— Product Liability |  |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws |  | ☐ 460 Deportation |
|  | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights |  |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
|  | ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** |  |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
|  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land |  | ☐ 530 General | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
|  |  | ☐ 550 Civil Rights |  |  |
|  |  | ☐ 555 Prison Condition |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1332 and 28 U.S.C. Sections 1391(a) and (c)

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  12/1/04
SIGNATURE OF ATTORNEY OF RECORD

---

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUN _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____