UNITED STATES DISTRICT COURT.
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                               \*

Brian Mehlman                \*

                 Plaintiff   \*

                               \*     Civil Action No. 04-12533-WGY

v.                      \*

                               \*

Network Appliance, Inc.     \*

                               \*     **JURY DEMANDED**

                 Defendants  \*

                               \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## FIRST AMENDED COMPLAINT

Plaintiff Brian Mehlman ("Mehlman"), by his undersigned attorneys, for his complaint against defendant alleges as follows:

### PARTIES

1.     Plaintiff Brian Mehlman is an individual residing at 25 Hazel Avenue, Nashua, New Hampshire 03062.

2.     Defendant Network Appliance, Inc. ("Network Appliance") is, upon information and belief, a Delaware corporation with its corporate headquarters at 495 East Java Drive, Sunnyvale, California and a corporate office located at 375 Totten Pond Road, Waltham, Massachusetts. Network Appliance was and is in the business of producing, distributing and selling software and hardware products and services relating to data storage. Network Appliance regularly solicits and transacts business in Massachusetts in that it markets and sells software, hardware and services within Massachusetts on a regular basis and has been doing so for a number of years.

## JURSIDICTION AND VENUE

3.    Jurisdiction in this Court is based on 28 U.S.C. §1332. The parties are citizens of different states and the amount in controversy is greater than $75,000.

4.    Venue in this Court is proper under 28 U.S.C. §§1391(a) and (c).

5.    As described below in more detail, a substantial part of the events giving rise to the claims in this matter took place in Massachusetts.

## COUNT I (BREACH OF CONTRACT)

6.    Plaintiff incorporates and restates as though fully set forth herein the allegations contained in Paragraphs 1 through 5 of this complaint.

7.    In the fall of 2000, Network Appliance acquired WebManage Technologies, Inc. ("WebManage"), a company based in Chelmsford, Massachusetts by whom plaintiff was employed at the time. As of the time of Network Appliance's acquisition of WebManage, Mehlman was entitled to and owned stock options of WebManage pursuant to WebManage's employee stock option plan.

8.    On or about September 8, 2000, Network Appliance forwarded to Mehlman an employment offer setting forth the terms of proposed employment with Network Appliance. Mehlman was persuaded by the terms of that offer to accept employment with Network Appliance and he accepted that offer. The September 8, 2000 letter (the "September 8, 2000 Letter Agreement") constituted the terms of employment between Mehlman and Network Appliance.

9.    Pursuant to the September 8, 2000 Letter Agreement, Network Appliance stated that it would

2

"grant to you options that have an approximate value at the closing of $600,000. This value is comprised of a value assigned shares currently owned ($347,264) with WebManage and options given upon joining Network Appliance ($252,736)."

According to press releases issued by Network Appliance, Network Appliance closed the transaction whereby it acquired WebManage on or about November 13, 2000.

10.     As of that date, plaintiff had vested and exercisable WebManage options that were to be converted to 1600 shares of Network Appliance options at a "strike" price of $10. Based on the stock value at that time, such shares had a value of over $170,000 at that time. Additional options for approximately 300 shares of stock with the same strike price fully vested as of the beginning of January, 2001.

11.     The plaintiff attempted to exercise his fully vested options after November 13, 2000 but was not permitted to do so by Network Appliance. He was precluded from exercising any options until approximately February 5, 2001.

12.     Upon information and belief, the inability to exercise the fully vested options was the result of the failure of Network Appliance to promptly file a Form S-8 with the Securities and Exchange Commission. Upon information and belief, Network Appliance filed an S-8 with respect to at least one other acquisition within two weeks of the closing of that transaction. Plaintiff had no reason to believe that the inability to exercise the fully vested options was the result of the failure of Network Appliance to promptly file a form S-8 with the Securities and Exchange Commission until approximately January, 2003.

13.     During the period of time in which plaintiff should have been able to exercise his fully vested options but was unable to do so (i.e., November 13, 2000 through February 5, 2001, the value of Network Appliance stock diminished by approximately $60 per share.

14.    In approximately early February, plaintiff was provided with documentation concerning his stock options. As of the date that he was provided with documentation concerning stock options from Network Appliance, those stock options did not have a value of $600,000 as stated in the Employment Agreement. Instead, the stock options had a value of substantially less than half of that amount because of the diminution of value of Network Appliance stock. Nevertheless, Network Appliance took no actions either in terms of adjusting strike prices of stock or providing more stock, to provide stock options at the closing with a "value of" $600,000.

15.    During the period of time in which plaintiff should have been able to exercise his fully vested options but was unable to do so executives and other employees of Network Appliance were able to exercise options.

16.    Defendant Network Appliance's failure to permit plaintiff to exercise his vested options immediately following the commencement of his full time employment with Network Appliance as of November 13, 2000, represents a breach of the September 8, 2000 Letter Agreement. In addition, the failure to provide options at the closing with a value of $600,000 also represents a breach of the September 8, 2000 Letter Agreement. As a result of the breaches of the September 8, 2000 Letter Agreement, plaintiff has been damaged in an amount to be determined at trial with such damages including, but not necessarily limited to, the difference between the value that he received and the value he was supposed to receive. Plaintiff also is entitled to appropriate interest and cost of this action.

## COUNT II (BREACH OF FIDUCIARY DUTY)

17.    Plaintiff incorporates and restates as though fully set forth herein the allegations contained in Paragraphs 1 through 16 of this complaint.

4

18.    Defendant sought and plaintiff reposed special trust and confidence in defendant. Defendant managed the stock options on behalf of plaintiff and other employees without interference and with no supervision by plaintiff and other employees. Defendant had a duty to act in plaintiff's best interest.

19.    Upon information and belief, defendant's actions as set forth above, including failure to file the S-8 on a timely basis, breached defendant's fiduciary duties to the plaintiff and caused damage to plaintiff in an amount described above and to be determined at trial. Plaintiff also is entitled to appropriate interest and costs of this lawsuit.

## COUNT III (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

20.    Plaintiff incorporates and restates as though fully set forth herein the allegations contained in Paragraphs 1 through 19 of this complaint.

21.    Plaintiff's agreement with defendant included an implied covenant of good faith and fair dealing.

22.    Defendant's actions and inactions as described above constitute breaches of the implied covenant of good faith and fair dealing. As a direct and proximate result of defendant's breach of the covenant of good faith and fair dealing, plaintiff has been damaged in an amount to be determined at trial including the damages described above. Plaintiff also is entitled to appropriate interest and costs.

## COUNT IV (NEGLIGENCE)

23.    Plaintiff incorporates and restates as though fully set forth herein the allegations contained in Paragraphs 1 through 22 of this complaint.

24.    Defendant owed plaintiff a duty of care with respect to its responsibilities with respect to the employee stock option plans.

25.    Upon information and belief, defendant breached its duties of care by, among other things, failing to file the Form S-8 on a timely basis.

26.    As a direct and proximate result of defendant's breaches of duty, plaintiff has been damaged, including the damages described above, in an amount to be determined at trial. Plaintiff also is entitled to appropriate interest and costs of this lawsuit.

## COUNT V (QUANTUM MERUIT/UNJUST UNENRICHMENT)

27.    Plaintiff incorporates and restates as though fully set forth herein the allegations contained in Paragraphs 1 through 26 of this complaint.

28.    By securing Mehlman's services through promises of compensation, and compensating Mehlman at a lower compensation than promised or appropriate, defendant obtained the benefit of Mehlman's services without paying him the reasonable value of his services.  Defendant was unjustly enriched by such conduct.

29.    As a result of such conduct, plaintiff is entitled receive damages including difference between the reasonable value of his services as set forth in the September 8, 2000 Letter Agreement and the compensation he actually received.  Plaintiff also is entitled to appropriate interest and costs of this lawsuit.

## JURY DEMAND

30.    Plaintiff requests a jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendant:

A.    Awarding plaintiff damages to be determined at trial;

B.    Awarding plaintiff reasonable attorneys' fees and costs of this action;

C.    Awarding appropriate interest; and

6

D.    Granting plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

Brian Mehlman
by his attorneys,

COOK, LITTLE, ROSENBLATT
& MANSON, P.L.L.C.

Dated: 12/10/04                              By: _____
                                             Arnold Rosenblatt (BBO# 638526)
                                             650 Elm Street
                                             Manchester, NH  03101
                                             (603) 621-7102