UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN MEHLMAN,<br><br>      Plaintiff,<br><br>  v.<br><br>NETWORK APPLIANCE, INC.,<br><br>      Defendant. | CIVIL ACTION NO. 04-12533-WGY |

**MEMORANDUM OF DEFENDANT NETWORK APPLIANCE, INC. IN SUPPORT OF ITS MOTION TO DISMISS**
**COUNTS 1-5 OF THE COMPLAINT FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 2

    A.    Count 1 (Breach of Contract) and Count III (Breach of Covenant of Good Faith and Fair Dealing) Should be Dismissed Because the Pleadings Do Not Support the Existence and Performance of an Enforceable Contract. ............. 3

        1.    Mehlman's Breach of Contract Claim Should Be Dismissed..................... 3

        2.    Mehlman's Implied Covenant Claim Should Be Dismissed. ..................... 5

    B.    Count 2 (Breach of Fiduciary Duty) and Count 4 (Negligence) are Barred by the Statute of Limitations ............................................................................... 6

    C.    Count 5 (Quantum Meruit/Unjust Enrichment) Should be Dismissed Because it is Inadequately Pled and Superfluous to Plaintiff's Contract Claim ................................................................................................................. 9

III. CONCLUSION ........................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590 (1st Cir. 1989) .................................... 7

*Armstrong v. Rohm & Hass Co.*, No. 03-40246-FDS 2004 U.S. Dist. LEXIS
  25129 (D. Mass. Oct. 15, 2004) ....................................................................... 2, 3, 8

*Babco Industries, Inc. v. New England Merchants Nat'l Bank*, 380 N.E.2d 1327
  (Mass. App. Ct. 1978) ........................................................................................... 6

*Bny Fin. Corp. v. Fitwel Dress Co.*, No. 95-4785A, 1997 Mass. Super. LEXIS
  555 at *15 (Mass. Super. Jan. 15, 1997) ............................................................... 5

*Bowen v. Eli Lilly & Co., Inc.*, 557 N.E.2d 739, (Mass. 1990) ................................................ 7

*Doyle v. Hasbro*, 103 F. 3d 186 (1st Cir. 1996) ....................................................................... 3

*Friedman v. Jablonski*, 371 Mass. 482 (Mass. 1976) .............................................................. 7

*Held v. Zamparelli*, 431 N.E. 2d 961 (Mass. App. Ct. 1982) .................................................. 3

*Kusek v. Family Circle*, 894 F. Supp. 522 (D. Mass. 1995) .................................................... 3

*Lawson v. Affirmative Equities Co., et al.*, 341 F. Supp. 2d 51 (D. Mass. 2004) .................... 9

*McAdams v. Mass. Mut. Life Ins. Co.*, 391 F.3d 287 (1st Cir. 2004) ...................................... 6

*Remco Distributors, Inc. v. Oreck Corp.*, 814 F. Supp. 171 (D. Mass. 1992) ......................... 2

*Ross v. Raytheon*, No. 99-5530, 2001 Mass. Super. LEXIS 481 (Mass. Super.
  Nov. 1, 2001) ......................................................................................................... 4

*Salois et. al v. The Dime Savings Bank of New York, et. al*, No. 95-11967-PBS,
  1996 U.S. Dist. LEXIS 21901 (D. Mass. Nov. 13, 1996) .................................. 6, 7

*Zamboni v. Aladan Corp.*, 304 F. Supp. 2d 218 (D. Mass. 2004) ............................................ 6

### STATUTES

MASS. ANN. LAWS ch. 260 § 2A, (2004) .............................................................................. 6

### MISCELLANEOUS

*Williston on Contracts* § 4:18 (4th ed. 1990) ........................................................................... 3

MEMORANDUM OF DEFENDANT NETWORK APPLIANCE, INC. IN SUPPORT OF
ITS MOTION TO DISMISS
COUNTS 1-5 OF THE COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendant Network Appliance, Inc. ("NetApp") submits this memorandum in support of its motion to dismiss for Failure to State a Claim.

## I.

## INTRODUCTION

Plaintiff Brian Mehlman ("Plaintiff" or "Mehlman") has sued Defendant Network Appliance, Inc. ("NetApp") for five claims arising from NetApp's alleged failure to timely file a form S-8 with the Securities and Exchange Commission which would have allowed Mehlman to sell his vested stock options on the open market. Mehlman alleges Breach of contract (Count 1), Breach of fiduciary duty (Count 2), Breach of the covenant of good faith and fair dealing (Count 3), Negligence (Count 4), and Quantum meruit/Unjust enrichment (Count 5). NetApp moves to dismiss each cause of action for failure to state a claim.

- **The Contract Claims**: NetApp respectfully requests that the Court dismiss Mehlman's contract claims (Counts 1 and 3) because Mehlman has not pleaded the essential elements of a contract claim, and because the claimed contract lacks definite terms and is thus not enforceable. Mehlman failed to attach a contract to the complaint and did not describe a full contract or allege he performed all of its material terms. In addition, the contract term Mehlman points to – even taking the allegation as true – is indefinite for several reasons and cannot form the basis for a contract claim. And because a claim based on the implied covenant of good faith and fair dealing cannot create contractual terms where none exist, Mehlman's implied covenant claim should also be dismissed.

- **The Fiduciary Duty and Negligence Claims**: Mehlman's breach of fiduciary duty and negligence claims (Counts 2 and 4) are barred by the three-year statute of limitations and should likewise be dismissed. As Mehlman's own complaint makes clear, Mehlman knew all of the facts necessary to put him on notice of his claims by February 2001 at the latest. He filed his first complaint on December 2, 2004, more than three years later.

- **The Unjust Enrichment Claim**: Mehlman's unjust enrichment claim is not adequately pled because Mehlman fails to allege that NetApp lacked justification for its actions. Additionally, if the court finds that the contract claims are adequately pled, then Mehlman's unjust enrichment claim is superfluous and should be dismissed – an unjust enrichment claim cannot be alleged where it duplicates a breach of contract claim. On the other hand, if Mehlman's contract claims fail because the term he alleges is too indefinite to be enforceable, his unjust enrichment claim is based on the same allegations and thus fails for the same reason.

## II.

## ARGUMENT

A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) if it appears, beyond doubt, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Armstrong v. Rohm & Hass Co.*, No. 03-40246-FDS 2004 U.S. Dist. LEXIS 25129, *7 (D. Mass. Oct. 15, 2004). In considering a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which judicial notice can be taken. *Id*. Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id*. "However, a plaintiff may not rely…[on] 'bald assertions' or 'unsupportable epithets' to establish its claims; [to the contrary,] a plaintiff must [state in the complaint,] 'factual allegations…regarding each material element necessary to sustain recovery under some actionable legal theory'". *See Remco Distributors, Inc. v. Oreck Corp.*, 814 F. Supp. 171, 174 (D. Mass. 1992).

A.  **Count 1 (Breach of Contract) and Count III (Breach of Covenant of Good Faith and Fair Dealing) Should be Dismissed Because the Pleadings Do Not Support the Existence and Performance of an Enforceable Contract.**

1.  **Mehlman's Breach of Contract Claim Should Be Dismissed.**

Plaintiff's breach of contract claim is inadequately pled and should be dismissed for several reasons. First, Mehlman has failed to allege the required elements of a breach of contract claim. To allege a breach of contract claim, a plaintiff must plead (1) the making of an agreement; (2) due performance by plaintiff; (3) breach of contract by defendant; and (4) damages to plaintiff. *See Kusek v. Family Circle*, 894 F. Supp. 522, 527-28 (D. Mass. 1995). Here, Mehlman has not alleged that he performed his side of the agreement, nor has Mehlman pled that his performance was excused. *See* Plaintiff's First Amended Complaint ("Compl.") at ¶¶ 1-16. Plaintiff claims to have received an employment offer, but does not allege when and if he began working. *Id.*

Second, where the terms of a contract are not specifically alleged, the claim can be dismissed for failure to state a claim. *See Doyle v. Hasbro*, 103 F. 3d 186, 195 (1st Cir. 1996) (affirming dismissal of claim where plaintiff failed to state the nature of the alleged contract with specificity). In order for the contract to be enforceable, the court has to be able to define the exact meaning of the agreement. *See Armstrong*, No. 03-40246-FDS, 2004 U.S. Dist. Lexis 25129 at *16, *citing Williston on Contracts* § 4:18 (4th ed. 1990). When the precise term in dispute is indefinite, the contract claim cannot stand. *See Armstrong* No. 03-40246-FDS, 2004 U.S. Dist. Lexis 25129 at *3 (dismissing breach of contract claim where Defendant promised to give Plaintiffs "all of its outsourced work in ceramic grinding, which had been in the neighborhood of $10,000 per month."). Also, where the material terms of the contract are missing, the contract is unenforceable. *Held v. Zamparelli*, 431 N.E. 2d 961, 962 (Mass. App. Ct. 1982) (promise to pay plaintiff not enforceable due to absence of material terms such as when and how payments were to be calculated and duration of contract); *Ross v. Raytheon*, No.

99-5530, 2001 Mass. Super Lexis 481, *12-15 (Mass. Super. Nov. 1, 2001) (dismissing claim for breach of contract where promise of unspecified employment at unspecified terms was too indefinite and ambiguous to be enforceable).

Mehlman's allegations fail for lack of specificity because 1) the only term recited is vague and indefinite, and 2) Mehlman does not plead the existence of other material terms. Here, Mehlman alleges an employment contract, but he attaches no contract to the complaint. Instead, he cites only one term of the alleged contract: a promise by NetApp to "grant to [Mehlman] options[1] that have an approximate value at the closing of $600,000. This value is comprised of a value assigned shares currently owned ($347,264) with WebManage and options given upon joining Network Appliance ($252,736)." Compl. at ¶9. Any such alleged promise is not legally enforceable because the terms are not sufficiently definite to give it an exact meaning. NetApp allegedly promises only an "approximate value." Mehlman does not allege that the contract defined "approximate" or what share values would fall within the scope of that word. Likewise, Mehlman does not allege that the contract defined "value." Because the contract deals with options, how to account for the Mehlman's payment of the "strike price" and transaction costs, and how to account for the options' "vesting period" are integral to defining the term "value." Mehlman never alleges that the contract defines any of these terms. Further, Mehlman never indicates the actual "value" of his shares at the closing. Notwithstanding these indefinite temrs, Mehlman claims that he is owned an exact, definite amount under this alleged contract term. See e.g., Compl. at ¶16 ("[P]laintiff has been damaged in an amount to be determined at trial with such damages including, but not necessarily limited to, the difference between the value that he had received and the value he was supposed to receive.")

---

[1] Options grant the holder the right to purchase a certain amount of shares at a set price, "strike price," after a certain amount of time, "vesting period."

Mehlman merely claims a single stock option term as if it were the entire contract. In addition to a lack of definiteness to the only contract term recited in the pleadings, Mehlman fails to set forth any other material allegations of the contract. *See generally* Compl.. There is no discussion about plaintiff's performance or the duration of the contract. *See* Compl. at ¶¶ 1-16. Plaintiff does not indicate the nature of NetApp's performance such as the payment of salary; the value of the options granted as of the "closing;" the date that Mehlman received the aforementioned option grant from NetApp; the total number of options received and the date received; or, how the value of plaintiff's options were to be calculated. *Id.* Consequently, the contract is unenforceable and Plaintiff has failed to state a claim. The contract, as alleged, does not grant plaintiff vested shares, nor does the contract promise that Mehlman would be able to sell his shares on the open market by any particular date. *Id.* Thus, plaintiff's allegation that NetApp's "failure to permit plaintiff to exercise his vested options immediately following the commencement of his full time employment" with NetApp as of November 13, 2000 was a breach of contract is entirely unsubstantiated by the factual assertions made in the complaint because NetApp never promised to permit plaintiff to exercise his options, and plaintiff never tells us if and when he commenced employment. *See* Compl. at ¶16.

### 2. Mehlman's Implied Covenant Claim Should Be Dismissed.

Mehlman also fails to state a claim for breach of the implied covenant of good faith and fair dealing. Such a claim is merely an extension of Mehlman's contract claim. The covenant of good faith and fair dealing does not create rights and duties not otherwise provided for in the existing contractual relationship, because the purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance. *Bny Fin. Corp. v. Fitwel Dress Co.*, No. 95-4785A, 1997 Mass. Super. LEXIS 555 at *15 (Mass. Super. Jan. 15, 1997) ("[T]he implied covenant of good faith and fair

dealing…does not…operate to create new rights; it simply ensures that parties to a contract perform the substantive bargained-for terms of their agreement and that parties are not denied express explicitly bargained-for benefits."); *McAdams v. Mass. Mut. Life Ins. Co.*, 391 F.3d 287, 301 (1st Cir. 2004) ("The purpose of the covenant is not to add terms to a contract; indeed, it may not do so."). Because the underlying contract is unenforceable as alleged, the claim for breach of the implied covenant must fail as well. Therefore, Mehlman's claims for breach of contract, and the related claim for breach of the covenant of good faith and fair dealing should be dismissed for failure to state a claim.

### B.   Count 2 (Breach of Fiduciary Duty) and Count 4 (Negligence) are Barred by the Statute of Limitations

Mehlman's claims for breach of fiduciary duty and negligence are barred by the applicable statue of limitations. The statute of limitations defense may be addressed in a Rule 12(b)(6) motion where, as is the case here, the defense is obvious on the face of the pleadings. *Salois et. al v. The Dime Savings Bank of New York, et. al*, No. 95-11967-PBS, 1996 U.S. Dist. LEXIS 21901, *14 (D. Mass. Nov. 13, 1996) (Dismissing all claims that arose out of events which occurred prior to the time period allowed by the statute of limitations). Breach of fiduciary duty and negligence are causes of action in tort that are governed by the General Laws of Massachusetts. A three-year statute of limitations is applicable. MASS. ANN. LAWS ch. 260 § 2A, (2004); *See also Babco Industries, Inc. v. New England Merchants Nat'l Bank*, 380 N.E.2d 1327, 1328 (Mass. App. Ct. 1978) (fiduciary duty); *Zamboni v. Aladan Corp.*, 304 F. Supp. 2d 218, 226 (D. Mass. 2004) (negligence). In general, the statute of limitations begins to run as soon as the event causing damage has occurred. MASS. ANN. LAWS ch. 260 § 2A, (2004).

Plaintiff had all of the information necessary to ascertain these causes of action within the three-year statute of limitations. Instead, plaintiff brings this claim almost four years after the

event causing Plaintiff's alleged damage occurred. Plaintiffs have an obligation to conduct a reasonable inquiry. *Bowen v. Eli Lilly & Co., Inc.*, 557 N.E.2d 739, (Mass. 1990) *citing Friedman v. Jablonski*, 371 Mass. 482, 485 (Mass. 1976). The statute of limitations is not extended if reasonable diligence would have uncovered the claims. *See Salois*, No. 95-11967-PBS, 1996 U.S. Dist. Lexis 21901 at *18 (*citing Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590, 594 (1st Cir. 1989) ("The limitations period will be suspended only upon a clear showing of diligent efforts to discover the cause of the injury...")). Where the only logical conclusion that can be drawn is that the plaintiff filed his complaint too late because it took the plaintiff too long to consult an attorney, the statute of limitations must stand. *See Salois*, No. 95-11967-PBS, 1996 U.S. Dist. Lexis 21901 at *19 *citing Aldahonda-Rivera*, 882 F.2d at 593 (affirming lower court decision to dismiss claims barred by statute of limitations where "[r]eading appellant's pleadings in the most favorable light possible, the only logical conclusion that can be drawn is that appellant filed his complaint four years too late only because it took him that long to consult an attorney.").

Plaintiff claims that he tried to sell his vested options after November 13, 2000, but could not. *See* Compl. at ¶¶ 11, 15. Plaintiff sold his vested options on approximately February 5, 2001. *See* Compl. at ¶11. Plaintiff therefore was fully aware that he was not able to sell his stock for the period of time from November 13, 2000 to February 5, 2001. Plaintiff asserts that he was provided with documentation concerning his stock options in early February of 2001. *See* Compl. at ¶14. Because the documentation allegedly gave Plaintiff the information and/or ability to sell his vested shares, Plaintiff therefore knew or should have known of these causes of action at least by February 5, 2001. Plaintiff alleges that he was unable to sell his fully vested shares as a result of NetApp's failure to register those shares with the Securities and Exchange Commission ("SEC") in a timely matter. Registration of the shares required filing of a form S-8. The alleged S-8 was filed on January 16, 2001. *See* Decl. of M. D'Orsi ¶2, Exh. A. It is clear

that with the exercise of reasonable diligence, Mehlman would have discovered that the S-8 was filed in mid-January.

Discovery of NetApp's alleged failure to timely file S-8 would simply have required Mehlman to perform reasonable diligence. Plaintiff had ample information at his disposal to suggest these causes of action. Plaintiff could have asked his human resources department why he was unable to exercise his vested shares; he could have searched the publicly accessible government web site of the SEC; plaintiff could have asked other employees similarly situated; or, he could have consulted an attorney. The status and content of all of NetApp's public filings, including its merger agreement with WebManage and the form S-8 in question, are and were publicly available at www.sec.gov. *See* Decl. of M. D'Orsi at ¶¶2, 3. A copy of the form S-8 obtained from the SEC site is attached as an exhibit to these papers. *See* Decl. of M. D'Orsi at ¶2, Exh. A. Because the date that the S-8 was filed and its availability on the SEC web site are matters appropriate for judicial notice, the Court can properly consider these facts in a Fed. R. Civ. P. 12(b)(6) motion. *See Armstrong*, No. 03-40246-FDS, 2004 U.S. Dist. Lexis 25129 at *7; *See also* Defendant Network Appliance's Request for Judicial Notice. It is clear that Mehlman's failure to file a claim for breach of fiduciary duty and negligence within the statute of limitations is caused by his own failure to consult an attorney earlier. Here, Mehlman waited almost four years to file these causes of action. Accordingly, Mehlman's claims for breach of fiduciary duty and negligence should be dismissed.

### C.  Count 5 (Quantum Meruit/Unjust Enrichment) Should be Dismissed Because it is Inadequately Pled and Superfluous to Plaintiff's Contract Claim

Plaintiff's claim for unjust enrichment should be dismissed. Plaintiff has not pled the claim properly, and the claim itself is superfluous because plaintiff has alleged that there is a purported contract. The elements of unjust enrichment are: "1) an enrichment; 2) an impoverishment; 3) a relation between the enrichment and the impoverishment, 4) the absence of

justification and 5) the absence of a remedy provided by law." *See Lawson v. Affirmative Equities Co., et al.*, 341 F. Supp. 2d 51, 65 (D. Mass. 2004) (dismissing unjust enrichment claim where plaintiff had an adequate remedy at law for an alleged breach of contract). Plaintiff never alleges that NetApp lacked a justification for its actions. *See generally* Compl.. Therefore, Mehlman has failed to state a claim.

Additionally, if a contract governs the relationship between two parties, then that contract provides the measure of the plaintiff's rights, and the plaintiff cannot allege a duplicative unjust enrichment claim. *Lawson*, 341 F. Supp. 2d. at 65. ("As Lawson has an adequate remedy at law ... the claim for unjust enrichment is superfluous."). Here, Mehlman alleges the existence of an employment agreement. Therefore, the claim for unjust enrichment is superfluous. Even if the court dismisses Mehlman's contract claims, the unjust enrichment claim is wholly duplicative of the unenforceable contract claim. The unjust enrichment claim is likewise premised on vague promises and indefinite terms. Plaintiff merely attempts to re-plead its contract claim by alleging that "By ... compensating Mehlman at a *lower compensation* than *promised* or *appropriate* defendant obtained the benefit of Mehlman's services without paying him the *reasonable value* of his services." Compl. at ¶¶28 (emphasis added). This claim is wholly superfluous to the unenforceable contract claim. It, too, should be dismissed.

## III.
## CONCLUSION

For the foregoing reasons, NetApp respectfully requests the Court to grant its motion and dismiss Counts 1, 2, 3, 4, and 5 of Plaintiff's Complaint.

Dated: January 31, 2005                              NETWORK APPLIANCE, INC.

By its attorneys,


/s/ Michael S. D'Orsi
Michael S. D'Orsi (BBO #566960)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA  02108
(617) 720-2880

Of Counsel:
Wilson Sonsini Goodrich & Rosati P.C.
One Market Street, Spear Tower, Suite 3300
San Francisco, CA  94105
(415) 947-2252