UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN MEHLMAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NETWORK APPLIANCE, INC.,<br><br>　　　　Defendant. | CIVIL ACTION NO. 04-12533-WGY |

**DEFENDANT NETWORK APPLIANCE, INC.'S
REPLY BRIEF IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE**

　　　　Plaintiff Mehlman agrees that the Court may take judicial notice of Network Appliance's January 2001 S-8 filing with the Securities and Exchange Commission and its publication on the Internet, but only as to its existence *as of January 2005*. He argues in opposition that the Court should not take judicial notice (1) that the SEC was operating a website in late 2000 and early 2001; or (2) that Network Appliance's S-8 filing was published by the SEC on the Internet on its stated January 2001 date of publication.

　　　　Plaintiff Mehlman is wrong on both counts. The Court has the power to and should take judicial notice (1) not just that the SEC document exists today, but that (2) the SEC had a website during the time in question, and (3) the Network Appliance S-8 filing was in fact published on the SEC website on or about January 16, 2001.

　　　　First, Plaintiff Mehlman misunderstands the nature of the Court's power to take judicial notice of Securities and Exchange Commission documents. Courts do not just take judicial

notice of the existence of SEC filings at the time of the court hearing – they affirmatively take judicial notice of their *existence at the time of the publication dates reported on the face of the documents. See, e.g., Crowell v. Ionics, Inc.*, 343 F. Supp. 1, 15 n.7 (D. Mass. 2004) (taking judicial notice of publication dates and stock ownership data in SEC filings); *In re Lernout*, 286 B.R. 33, 37 (D. Mass. 2002) (taking judicial notice of dates and signatures of SEC filings); *Oran v. Stafford*, 226 F.3d 275, 289 (3rd Cir. 2000) (taking judicial notice of what shares officers owned at certain times based on publication dates and data in SEC filings). In each of these cases and many others like them, the courts did not merely take judicial notice that the SEC filing existed at the time of the court hearing – they necessarily took judicial notice that the documents were filed and existed at the time of their published filing dates. Their conclusions drawn from the judicially noticed filings otherwise would not make sense.

Second, Mehlman ignores that the SEC's own website – of which it admits the Court may take judicial notice – <u>includes repeated statements by the SEC itself that the SEC was operating a website in late 2000 and early 2001 and that the SEC's EDGAR database – the source for corporate filing such as S-8 forms – was indisputably available to the public through the SEC's website during the time in question</u>. The SEC's own archive of Internet press releases includes statements indicating its website's operation dates and the material it published at the time:

> Washington, D.C., April 17, 1997: The Securities and Exchange Commission's website <www.sec.gov> yesterday transmitted its billionth page of text and data. Since going on line in September 1995, the website has received more than 95 million hits of information and dispensed more than 1 billion pages of information.
> [....] An array of information is available on the Commission's website, including: EDGAR (Electronic Data Gathering, Analysis, and Retrieval System) – Performs automated collection, validation, indexing, acceptance, and

forwarding of submissions by companies and individuals who are required to file forms with the SEC.

*See* SEC press release, <www.sec.gov/news/press/pressarchive/1997/97-35.txt>. The SEC's website also makes it clear that EDGAR was available on its website during the time in question:

> Washington, D.C., May 5, 1999: Maintenance is scheduled for the SEC's EDGAR database on Saturday, May 8, 1999 from 8:00 a.m. until noon. As a result, *the EDGAR database, normally accessible on the SEC's website at www.sec.gov*, will be unavailable during that time.
>
> Washington, D.C., October 2, 2000: [....] *You will be able to use the database of EDGAR filings on our website at http://www.sec.gov* on November 24, 2000. But we will NOT update our database that day. On Monday, November 27, 2000, we will update our website database to post EDGAR filings made on Wednesday, November 22, 2000.
>
> Washington, D.C., February 26, 2001: [....] The SEC website (www.sec.gov) was launched in September 1995 *to offer the public prompt and easy access to information about Commission actions, corporate filings* [....] The site currently holds more than 1.7 million documents and receives about a million "hits" daily.

*See* SEC press releases, <www.sec.gov./news/press/pressarchive/1999/99-45.txt>; <www.sec.gov./info/edgar/ednews/edgar1dn.htm>; <www.sec.gov/news/press/2001-22.txt> (emphasis added). The Court can and should take judicial notice of these facts stated by the SEC, which is not reasonably subject to dispute and is a public record.[1] In addition, Exhibit D to

---

[1] The Court can review the SEC's website and take judicial notice of what it finds, whether or not the parties actually submit the SEC publications. *See In re Enron Corp.*, 292 B.R. 752, 789 n.21 (S.D.N.Y. 2003) ("[...] Forms 10-K . . . were not submitted by the parties but the Court obtained copies from the Internet website of the Securities and Exchange Commission and takes judicial notice thereof.").

the previously filed Declaration of Michael D'Orsi – a printout from a nonprofit archival organization, Archive.org, that records the dates when websites were in operation and updated – shows without a doubt that www.sec.gov was operating in 2000-01. Mehlman ignores this exhibit.

In sum, Plaintiff Mehlman's argument that the Court cannot take judicial notice that the SEC had a website during late 2000 and early 2001 is incorrect. The Court can and should take judicial notice that the SEC was operating a website that included the EDGAR database for corporate filings during the time in question.

Third and most important, Mehlman ignores the SEC's own statements that corporate filings filed through EDGAR are typically posted on the SEC's website "within minutes of receipt" – and thus that <u>the date of a corporate SEC filing is also the SEC's date of Internet publication of that filing</u>:

> [...]  with the creation of the SEC website, EDGAR is now instantaneously available to the public and the Commission has continued to expand its practice of disseminating useful and timely information to the public.
>
> [....] Based on the high volume of information that we post, we prioritize posting based upon the time sensitive nature of the information. Specifically, the following criteria are used in determining how quickly information is posted to the SEC website: *urgent and time sensitive information is Priority 1 and typically is posted within minutes of receipt*. Time sensitive information is Priority 2 and typically is posted within an hour of receipt. [Etc.]
>
> [....] **Type of Document**           **Priority Level**
> [....] **EDGAR**
>      Filings                              1

*See U.S. Securities and Exchange Commission Website Content and Website Posting Priorities*, <www.sec.gov/about/iventory/shtml> (emphasis added). This is consistent with the October 2, 2000 press release quoted above, stating that even during the Thanksgiving holiday in 2000, EDGAR filings were posted on the Internet within a few days.

Thus, Mehlman is incorrect, and the Court can and should take judicial notice that the SEC published on its website Network Appliance's S-8 SEC EDGAR filing bearing the date January 16, 2001 on or around January 16, 2001. The SEC website is a source whose accuracy cannot reasonably be questioned.

Respectfully Submitted,

Dated: February 28, 2005

NETWORK APPLIANCE, INC.

By its attorneys,

\_\_\_/s/ Michael S. D'Orsi_____
Michael S. D'Orsi (BBO #566960)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
(617) 720-2880

Of Counsel:

Alda Leu (*pro hac vice*)
Tait Graves (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati P.C.
One Market Street, Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2252