UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN MEHLMAN<br><br>        Plaintiff,<br><br>    v.<br><br>NETWORK APPLIANCE, INC.,<br><br>        Defendant. | Civil Action No. 04-12533-WGY |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

The parties, by and through their respective counsel of record, hereby stipulate and agree to the following proposed Protective Order, which shall govern the designation and handling of Confidential information:

1.    <u>Non-disclosure and use of Confidential Discovery Material</u>.  Except with the prior written consent of the party or other person originally designating discovery material as Confidential, no Confidential discovery material, as defined in paragraph 2 of this Order, may be disclosed to any person or used in any manner except as provided herein.

2.    <u>Definitions of "Discovery Material" and "Confidential."</u>

(a)    <u>As used in this Order, "discovery material"</u> means any material produced, filed, or served by any party or person during discovery in this case or any information included in any such material.  Discovery material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a party or person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

(b)    <u>As used in this Order, "Confidential"</u> discovery material means discovery material that the party or person believes in good faith contains confidential research, personal, or commercial information which is not generally disclosed to the public by such party or person and which is not otherwise available to or could not be obtained by members of the public.  Pleadings,

Stipulation And
[Proposed] Protective Order

1    motions, affidavits, briefs, exhibits, and other papers filed with the Court that contain or refer to

2    information contained in Confidential discovery material shall be protected as Confidential

3    discovery material pursuant to this paragraph 2(b), provided that they are prepared in such a

4    manner that the confidential information is prominently marked or designated

5    "CONFIDENTIAL".

6            (c)    To the extent any party seeks to use information contained in material

7    designated "CONFIDENTIAL" under this subparagraph in the preparation of other documents,

8    such as compilations, it may seek relief from the "CONFIDENTIAL" restrictions set out in this

9    agreement for that newly prepared document pursuant to the procedures set forth below.

10        3.    Use and Disclosure of Confidential Discovery Material.  Unless otherwise ordered

11    by a court, administrative agency, or similar governmental or regulatory body of competent

12    jurisdiction, Confidential  discovery material may be used only in connection with the

13    prosecution or defense of this case.

14            (a)    Limitations on Disclosure of Confidential Material:    Confidential

15    discovery material may be disclosed only:

16            (1)    to parties in this case, including to officers, directors, partners,

17    agents, or employees, or other representatives of the parties;

18            (2)    to counsel engaged in the conduct of this case on behalf of named

19    parties;

20            (3)    to the third-party contractors engaged in one or more aspects of

21    copying, organizing, filing, coding, converting, storing, or retrieving data or designing

22    programs for handling of data connected with this case, including the performance of such duties

23    in relation to a computerized litigation support system, other non-legal professionals, and staff

24    employed by any person described in subparagraph (2), to the extent reasonably necessary to

25    render professional services and provided that counsel shall expressly caution such persons that

26    the disclosure and use of Confidential discovery material except as provided in this Order is

27    prohibited and shall take reasonable precautions to prevent the unauthorized disclosure or use of

28    Confidential discovery material by such persons;

1          (4)    to the Court and court officials involved in this case (including court

2    reporters or persons operating video equipment at depositions);

3          (5)    to any person designated by the Court upon such terms as the Court

4    may deem proper;

5          (6)    to witnesses at deposition, but only to the extent reasonably

6    necessary to examine such witnesses at deposition;

7          (7)    to witnesses in preparation for deposition, but only to the extent

8    reasonably necessary to prepare such witnesses for deposition;

9          (8)    to outside consultants or experts utilized for the purpose of assisting

10   counsel in this case;

11         (9)    to the person or entity that produced or originally created the

12   discovery material or any indicated author or recipient of the material;

13         (10)   to any other person agreed to in writing by the authoring party (if a

14   party to the litigation) and the producing party, which agreement shall not be unreasonably

15   withheld; and

16         (11)   to any other person a court of competent jurisdiction orders may be

17   shown the documents under such conditions as the court may impose.

18         (b)    Undertaking: Before disclosure of any Confidential discovery material is

19   made to any person described in subparagraphs  (7), (8) or (10) of subparagraph 3(a), such person

20   shall sign an undertaking in the form attached as Exhibit A to this Order certifying:

21
            (1)    that the signatory has read, understands, and will abide by the
22         terms of this Order;

23            (2)    that the signatory will not disclose the Confidential discovery
           material, or the Confidential information contained therein, to any person not
24         authorized by this Order to receive disclosure, or use such document or material
           for any purpose other than the conduct of this case;
25
            (3)    that the signatory consents to the jurisdiction of the United States
26         District Court for the District of Massachusetts for any action to enforce the
           provisions of such undertaking; and
27
           The undertakings so obtained shall be deemed work product, and the party who
28
     obtains them shall retain them during the course of this case.   If a person described in

Stipulation And                        -3-
[Proposed] Protective Order

1    subparagraph 6 is provided with Confidential information at a deposition that person shall agree
2    to not disclose such Confidential information to any person not authorized to receive such
3    disclosure on the record at the deposition prior to reviewing such Confidential Information

4        4.    Confidential Information in Depositions. A deponent may during the deposition be
5    shown, and examined about, Confidential and discovery material if the provisions of paragraphs 2
6    and 3 are complied with.

7        Parties and deponents may, during a deposition or within ten (10) calendar days after
8    receiving a transcript of a deposition, designate the transcript or pages thereof (and exhibits
9    thereto) as Confidential to the extent the party or deponent believes they contain material or
10   information entitled to protection (as defined in paragraph 3 above). Until the expiration of the
11   10-day period during which designations may be made, the entire deposition will be treated as
12   subject to protection as under this Order. If a designation is made, the Confidential and portions
13   and exhibits, when filed, shall be filed under seal pursuant to paragraph 5, separate from the
14   portions and exhibits not so marked. If any depositions are videotaped or digitally recorded,
15   those portions of the videotape or recording corresponding to portions of the deposition
16   transcript designated as Confidential shall be afforded the same status. If discovery material
17   entitled to protection (as defined in paragraph 2 above) is included in written answers to
18   discovery requests of any kind, such answers or responses shall be marked CONFIDENTIAL
19   and shall be separately bound.

20       5.    Confidential Discovery Material to be Filed in Court under Seal.

21           (a)    In the event that counsel for any party determines to file with the Court any
22   pleadings, motions, affidavits, briefs, exhibits or other papers which contain or make reference to
23   Confidential or discovery material of another party or non-party, such papers shall be filed under
24   seal in a sealed envelope labeled with the caption, the title or a description of the document, and a
25   statement substantially in the following form shall be endorsed on the cover:

26           "CONFIDENTIAL—SUBJECT TO COURT ORDER"

27

28

Stipulation And                    -4-
[Proposed] Protective Order

1   All such materials shall be accepted by the Clerk of the Court for filing without further Court

2   order and shall be maintained by the Clerk of the Court separate from the public records in this

3   action and shall be released only upon further order of the Court.

4           (b)    Any party filing a document with the Court under seal may file a copy of

5   such document for public inspection omitting the Confidential  discovery material that caused the

6   original document to be filed under seal.

7       6.    Challenging A Designation.

8           If a receiving party, at any time, wishes to have the designation of any particular

9   Confidential  information removed or changed, that party shall first request, in writing, that the

10  designating party change its designation.  Thereafter, the party challenging the designation and

11  the designating party shall make good faith efforts to resolve the dispute.  If the designating party

12  or non-party refuses to agree to move or change the designation, then the party challenging the

13  designation may move the Court in writing (by means of a letter or formal motion) for an order

14  removing or changing the designation; provided, however, that the designating party shall have

15  the burden of proving that such particular Confidential information is properly designated.  At all

16  times during the process of challenging a designation, the parties and/or non-parties shall treat

17  the Confidential information as originally designated until the parties and/or non-parties agree

18  upon or the motion is decided by the Court and written notice of such decision is served on the

19  parties and/or non-parties.

20      7.    Inadvertent Failure to Designate.

21          (a)    Except as provided in this paragraph, following a party's production or

22  dissemination of discovery material, the inadvertent failure to designate particular discovery

23  material as "CONFIDENTIAL" at the time of production shall not operate to waive a party's or

24  person's right to later designate such discovery material as Confidential.  No party shall be

25  deemed to have violated this Order if, prior to notification of any later designation, such discovery

26  material has been disclosed or used in a manner inconsistent with the later designation.  Once such

27  a designation has been made, however, the relevant documents or materials shall be treated as

28  Confidential or in accordance with this Order; provided, however, that if the Confidential

Stipulation And                                    -5-
[Proposed] Protective Order

1  discovery material that was inadvertently not designated is, at the time of the later designation,

2  filed with a court on the public record, the party or person that failed to make the designation shall

3  move for appropriate relief.  If an inadvertently omitted Confidential  designation is first claimed

4  during the course of a deposition, hearing, or other court proceeding, the subject discovery

5  material may be used throughout the deposition, hearing, or proceeding as though no designation

6  had been made, but shall be treated as though such designation had been made immediately

7  thereafter.

8          (b)      Inadvertent production of any discovery material which a party or non-party

9  later claims in good faith should not have been produced because of a privilege, including but not

10  limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced

11  Privileged Discovery Material"), will not be deemed to have waived any privilege.  A party or

12  non-party may request the return of any Inadvertently Produced Privileged Discovery Material.  A

13  request for the return of Inadvertently Produced Privileged Discovery Material shall identify the

14  discovery material inadvertently produced and the basis for withholding such discovery material

15  from production.  If a party or non-party requests the return, pursuant to this paragraph, of any

16  Inadvertently Produced Privileged Discovery Material then in the custody of another party, such

17  discovery material (and all copies thereof) promptly shall be returned to the requesting party or

18  non-party.  The party returning such discovery material may then move the Court for an order

19  compelling production of the material, but said party shall not assert as a ground for entering such

20  an order the fact of inadvertent production.

21          8.      For purposes of this Stipulated Protective Order, an "outside consultant or expert"

22  pursuant to paragraph 3(a)(8) shall be defined as a person who is:  (a) neither an employee of a

23  party nor anticipated to become an employee of a party in the near future; and (ii) engaged by or

24  on behalf of a party as a bona fide consultant or expert for purposes of this litigation.

25          9.      The procedure for designating an outside consultant or expert," as defined in

26  paragraph 8, to be approved for access to information or materials designated as "Confidential"

27  shall be as follows:

28

Stipulation And                                   -6-
[Proposed] Protective Order

1         a.  The party seeking to have a consultant, as defined in paragraph 8 herein,

2    approved shall provide the other party with: (i) a current resume or curriculum vitae of such

3    person, which shall include a description of past and present employers by whom the consultant

4    has been employed, and (subject to the second sentence of this paragraph) persons or entities by

5    whom the consultant has been engaged in any consulting relationships within the last five (5)

6    years, as well as a general description of the nature of such consulting engagements, and (ii) a

7    copy of a completed and signed undertaking in the form attached hereto as Exhibit A.   If a

8    consultant is precluded by virtue of a non-disclosure agreement from disclosing either the

9    existence or nature of any such consulting engagement or the identity of the entity for which the

10    consulting services were or are being performed, then the consultant shall state that certain

11    information is being withheld on that basis and may supplement his or her disclosure with such

12    additional information as he or she believes would be helpful to the parties and the Court in

13    determining whether any undisclosed consulting relationship would create a genuine likelihood

14    that that consultant would, in the course of any such undisclosed engagement, use or disclose

15    information designated "Confidential" for purposes other than this litigation.

16         b.  Within five (5) business days after the other party's receipt of the information

17    and signed undertaking described in subparagraph (a) from the party seeking approval, the other

18    party may object in writing to the proposed consultant if facts available to that party show that

19    there is a reasonable likelihood that the proposed consultant will use or disclose information

20    designated "Confidential" for purposes other than this litigation or if the consultant states that he

21    or she is unable to disclose information concerning other consulting engagements due to a non-

22    disclosure agreement.   The written objection shall set forth the specific factual basis for the

23    objection.   Failure to object in writing to a proposed consultant within five (5) business days

24    shall be deemed approval, but shall not preclude a party from objecting to continued access to

25    material designated as "Confidential" by that consultant where facts subsequently learned by the

26    party or its counsel suggesting that such a basis for objection exist.

27         c.  If the other party so objects, the parties shall meet and confer in good faith in

28    an attempt to resolve their dispute without resort to the Court.   If the parties' dispute remains

Stipulation And              -7-
[Proposed] Protective Order

1   unresolved as of five (5) business days following the objecting party's communication of its

2   objection, then the party seeking to make or continue disclosure to such consultant may seek a

3   ruling from the Court as to the merits of the other party's objection.  Pending a ruling by the

4   Court, the proposed consultant shall not have access to material or information designated by the

5   objecting party as "Confidential" unless such access has been previously approved.

6        10.   Confidential Documents and Materials at Trial.  The parties shall meet and confer

7   to negotiate a proposal for Court approval addressing the treatment of material previously

8   designated Confidential at trial.  To the extent the parties fail to agree on a proposal addressing the

9   use of such material at trial, they may submit alternative proposals to the Court.

10        11.   Further Requests for Production.  If, at any time, any Confidential discovery

11   material in the possession, custody, or control of any person other than the Producing Person who

12   originally produced such Confidential documents or materials is subpoenaed or requested by any

13   court, administrative agency, legislative body or other person or entity, the person to whom the

14   subpoena or request is directed shall provide written notice to the person who originally produced

15   such Confidential documents or materials within ten (10) calendar days from the date of receipt of

16   said subpoena or request.  Other than the obligation to comply with the requirements stated herein,

17   this Order is not intended to affect a party's obligation to respond to such a subpoena or request.

18        12.   Termination.  The provisions of this Order shall continue to be binding after final

19   termination of this case.  Within one hundred and twenty (120) calendar days after final

20   conclusion of all aspects of this case including any appeals, any party or person who received

21   documents or materials designated for Confidential treatment must, at the option of the receiving

22   party, (i) return such documents and materials to the Producing Person or (ii) certify in writing to

23   counsel to the Producing Person that he or she has destroyed (other than counsel's copies of

24   exhibits filed under seal with the Court and counsel's file copies of papers prepared in connection

25   with, e.g., pleadings, court papers and other papers served in this case) those documents and

26   materials and the portions of all other material containing such Confidential information.

27   Notwithstanding anything contained herein to the contrary, counsel shall be permitted to retain

28   copies of court papers and other papers served in connection with this case, transcripts (including

Stipulation And        -8-
[Proposed] Protective Order

1  deposition transcripts), exhibits and work product containing or reflecting Confidential documents

2  or materials.

3      13.    Modification Permitted.  Nothing herein shall prejudice the right of the parties to

4  move to amend or modify this Order to permit the disclosure or use of discovery material

5  produced or otherwise disseminated pursuant hereto for good cause shown and where the

6  proposed disclosure is in the interest of justice.

7      14.    Responsibility of Attorneys.  The attorneys of record are responsible for employing

8  reasonable measures to control, consistent with this Order, duplication of, access to, and

9  distribution of copies of Confidential documents and materials.

10      15.    Application to Non-Parties.  Any non-party producing discovery material or giving

11  deposition testimony in this case may avail herself, himself or itself of the Confidential treatment

12  provided for in this Order for her, his or its testimony and discovery material by following the

13  procedures provided herein.  This Order shall be binding upon such non-parties unless they object

14  to its terms within fifteen (15) calendar days of service upon them of this Order.

15      16.    Producing Party's Use of its Own Documents.  Nothing in this Order shall limit any

16  producing person's use of its own documents or shall prevent any producing person from

17  disclosing its own Confidential information to any person.  Such disclosures shall not affect any

18  Confidential designation made pursuant to the terms of this Order so long as disclosure is made in

19  a manner which is reasonably calculated to maintain the confidentiality of the information.

20      17.    Possibility of "Highly Confidential – Attorneys' Eyes Only" Material:  If either

21  party believes in good faith that information to be produced or disclosed should be protected by a

22  "Highly Confidential – Attorneys' Eyes Only" designation, the parties agree to discuss in good

23  faith the possibility of a stipulation to so designate any such information.

24

25  STIPULATED AND AGREED TO BY:

26

27

28

Stipulation And                    -9-
[Proposed] Protective Order

1    Dated:  April 15, 2005                    BRIAN MEHLMAN

2                                              By his attorneys,

3

4                                                 /s/ Arnold Rosenblatt

5                                              Arnold Rosenblatt (BBO #638526)
                                               Cook, Little, Rosenblatt & Manson, P.L.L.C.
6                                              650 Elm Street
                                               Manchester, NH 03101
7                                              Phone:  603-621-7100
                                               Fax:  603-621-7111
8

9                                              NETWORK APPLIANCE, INC.

10                                             By its attorneys,

11
                                                  /s/ Michael S. D'Orsi
12
                                               Michael S. D'Orsi (BBO# 566960)
13                                             Donnelly, Conroy & Gelhaar, LLP
                                               One Beacon Street, 33rd Floor
14                                             Boston, MA  02108
                                               Phone: 617-720-2880
15                                             Fax: 617-720-3554

16
                                                  /s/ Tait Graves
17
                                               Tait Graves (*pro hac vice*)
18                                             Wilson Sonsini Goodrich & Rosati
                                               One Market Street, Spear Tower, Suite 3300
19                                             San Francisco, CA  94105
                                               (415) 947-2109
20

21                              **ORDER**

22          BASED ON THE FOREGOING STIPULATION, it is hereby ORDERED that the

23   foregoing Protective Order is ENTERED.

24
                    DATED this ___ day of _____, 2005.
25

26

27                                             _____
                                               Honorable
28                                             United States District Judge

     Stipulation And                    -10-
     [Proposed] Protective Order

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN MEHLMAN | Civil Action No. 04-12533-WGY |
|       Plaintiff, | |
|    v. | |
| NETWORK APPLIANCE, INC., | |
|       Defendant. | |

## ACKNOWLEDGEMENT AND CONSENT OF UNDERTAKING

I hereby certify that:  (i) I have read the Stipulated Order Governing Confidential Discovery Material (the "Order") that has been entered by the Court in this case, and I understand its terms; (ii) I understand that discovery material designated as Confidential under the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be bound by the provisions of the Order, including its provisions restricting disclosure of material designated as Confidential under the Order and limiting the use of such material to the conduct of this case; (iv) I hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcement of the Order.

Dated:_____          Signature: _____

Stipulation And                                            -11-
[Proposed] Protective Order