UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

BRIAN MEHLMAN

        Plaintiff,

    v.

NETWORK APPLIANCE, INC.,

        Defendant.

Civil Action No. 04-12533-WGY

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

The parties, by and through their respective counsel of record, hereby stipulate and agree to the following proposed Protective Order, which shall govern the designation and handling of Confidential information:

1. <u>Non-disclosure and use of Confidential Discovery Material</u>. Except with the prior written consent of the party or other person originally designating discovery material as Confidential, no Confidential discovery material, as defined in paragraph 2 of this Order, may be disclosed to any person or used in any manner except as provided herein.

2. <u>Definitions of "Discovery Material" and "Confidential."</u>

    (a)    <u>As used in this Order, "discovery material"</u> means any material produced, filed, or served by any party or person during discovery in this case or any information included in any such material. Discovery material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a party or person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

    (b)    <u>As used in this Order, "Confidential"</u> discovery material means discovery material that the party or person believes in good faith contains confidential research, personal, or commercial information which is not generally disclosed to the public by such party or person and which is not otherwise available to or could not be obtained by members of the public. Pleadings,

Stipulation And
[Proposed] Protective Order

motions, affidavits, briefs, exhibits, and other papers filed with the Court that contain or refer to information contained in Confidential discovery material shall be protected as Confidential discovery material pursuant to this paragraph 2(b), provided that they are prepared in such a manner that the confidential information is prominently marked or designated "CONFIDENTIAL".

(c) To the extent any party seeks to use information contained in material designated "CONFIDENTIAL" under this subparagraph in the preparation of other documents, such as compilations, it may seek relief from the "CONFIDENTIAL" restrictions set out in this agreement for that newly prepared document pursuant to the procedures set forth below.

3. <u>Use and Disclosure of Confidential Discovery Material</u>. Unless otherwise ordered by a court, administrative agency, or similar governmental or regulatory body of competent jurisdiction, Confidential discovery material may be used only in connection with the prosecution or defense of this case.

(a) <u>Limitations on Disclosure of Confidential Material</u>: Confidential discovery material may be disclosed only:

(1) to parties in this case, including to officers, directors, partners, agents, or employees, or other representatives of the parties;

(2) to counsel engaged in the conduct of this case on behalf of named parties;

(3) to the third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling of data connected with this case, including the performance of such duties in relation to a computerized litigation support system, other non-legal professionals, and staff employed by any person described in subparagraph (2), to the extent reasonably necessary to render professional services and provided that counsel shall expressly caution such persons that the disclosure and use of Confidential discovery material except as provided in this Order is prohibited and shall take reasonable precautions to prevent the unauthorized disclosure or use of Confidential discovery material by such persons;

(4) to the Court and court officials involved in this case (including court reporters or persons operating video equipment at depositions);

(5) to any person designated by the Court upon such terms as the Court may deem proper;

(6) to witnesses at deposition, but only to the extent reasonably necessary to examine such witnesses at deposition;

(7) to witnesses in preparation for deposition, but only to the extent reasonably necessary to prepare such witnesses for deposition;

(8) to outside consultants or experts utilized for the purpose of assisting counsel in this case;

(9) to the person or entity that produced or originally created the discovery material or any indicated author or recipient of the material;

(10) to any other person agreed to in writing by the authoring party (if a party to the litigation) and the producing party, which agreement shall not be unreasonably withheld; and

(11) to any other person a court of competent jurisdiction orders may be shown the documents under such conditions as the court may impose.

(b) <u>Undertaking</u>: Before disclosure of any Confidential discovery material is made to any person described in subparagraphs (7), (8) or (10) of subparagraph 3(a), such person shall sign an undertaking in the form attached as Exhibit A to this Order certifying:

(1) that the signatory has read, understands, and will abide by the terms of this Order;

(2) that the signatory will not disclose the Confidential discovery material, or the Confidential information contained therein, to any person not authorized by this Order to receive disclosure, or use such document or material for any purpose other than the conduct of this case;

(3) that the signatory consents to the jurisdiction of the United States District Court for the District of Massachusetts for any action to enforce the provisions of such undertaking; and

The undertakings so obtained shall be deemed work product, and the party who obtains them shall retain them during the course of this case. If a person described in

Stipulation And
[Proposed] Protective Order -3-

1 subparagraph 6 is provided with Confidential information at a deposition that person shall agree
2 to not disclose such Confidential information to any person not authorized to receive such
3 disclosure on the record at the deposition prior to reviewing such Confidential Information

4. **Confidential Information in Depositions.** A deponent may during the deposition be shown, and examined about, Confidential and discovery material if the provisions of paragraphs 2 and 3 are complied with.

Parties and deponents may, during a deposition or within ten (10) calendar days after receiving a transcript of a deposition, designate the transcript or pages thereof (and exhibits thereto) as Confidential to the extent the party or deponent believes they contain material or information entitled to protection (as defined in paragraph 3 above). Until the expiration of the 10-day period during which designations may be made, the entire deposition will be treated as subject to protection as under this Order. If a designation is made, the Confidential and portions and exhibits, when filed, shall be filed under seal pursuant to paragraph 5, separate from the portions and exhibits not so marked. If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as Confidential shall be afforded the same status. If discovery material entitled to protection (as defined in paragraph 2 above) is included in written answers to discovery requests of any kind, such answers or responses shall be marked CONFIDENTIAL and shall be separately bound.

5. **Confidential Discovery Material to be Filed in Court under Seal.**

(a) In the event that counsel for any party determines to file with the Court any pleadings, motions, affidavits, briefs, exhibits or other papers which contain or make reference to Confidential or discovery material of another party or non-party, such papers shall be filed under seal in a sealed envelope labeled with the caption, the title or a description of the document, and a statement substantially in the following form shall be endorsed on the cover:

"CONFIDENTIAL—SUBJECT TO COURT ORDER"

Stipulation And
[Proposed] Protective Order

-4-

1  All such materials shall be accepted by the Clerk of the Court for filing without further Court
2  order and shall be maintained by the Clerk of the Court separate from the public records in this
3  action and shall be released only upon further order of the Court.
4    (b)  Any party filing a document with the Court under seal may file a copy of
5  such document for public inspection omitting the Confidential discovery material that caused the
6  original document to be filed under seal.

7  6.  Challenging A Designation.

8  If a receiving party, at any time, wishes to have the designation of any particular
9  Confidential information removed or changed, that party shall first request, in writing, that the
10 designating party change its designation. Thereafter, the party challenging the designation and
11 the designating party shall make good faith efforts to resolve the dispute. If the designating party
12 or non-party refuses to agree to move or change the designation, then the party challenging the
13 designation may move the Court in writing (by means of a letter or formal motion) for an order
14 removing or changing the designation; provided, however, that the designating party shall have
15 the burden of proving that such particular Confidential information is properly designated. At all
16 times during the process of challenging a designation, the parties and/or non-parties shall treat
17 the Confidential information as originally designated until the parties and/or non-parties agree
18 upon or the motion is decided by the Court and written notice of such decision is served on the
19 parties and/or non-parties.

20 7.  Inadvertent Failure to Designate.

21   (a)  Except as provided in this paragraph, following a party's production or
22 dissemination of discovery material, the inadvertent failure to designate particular discovery
23 material as "CONFIDENTIAL" at the time of production shall not operate to waive a party's or
24 person's right to later designate such discovery material as Confidential. No party shall be
25 deemed to have violated this Order if, prior to notification of any later designation, such discovery
26 material has been disclosed or used in a manner inconsistent with the later designation. Once such
27 a designation has been made, however, the relevant documents or materials shall be treated as
28 Confidential or in accordance with this Order; provided, however, that if the Confidential

Stipulation And                                    -5-
[Proposed] Protective Order

discovery material that was inadvertently not designated is, at the time of the later designation, filed with a court on the public record, the party or person that failed to make the designation shall move for appropriate relief. If an inadvertently omitted Confidential designation is first claimed during the course of a deposition, hearing, or other court proceeding, the subject discovery material may be used throughout the deposition, hearing, or proceeding as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

(b)   Inadvertent production of any discovery material which a party or non-party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Discovery Material"), will not be deemed to have waived any privilege. A party or non-party may request the return of any Inadvertently Produced Privileged Discovery Material. A request for the return of Inadvertently Produced Privileged Discovery Material shall identify the discovery material inadvertently produced and the basis for withholding such discovery material from production. If a party or non-party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Discovery Material then in the custody of another party, such discovery material (and all copies thereof) promptly shall be returned to the requesting party or non-party. The party returning such discovery material may then move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact of inadvertent production.

8.   For purposes of this Stipulated Protective Order, an "outside consultant or expert" pursuant to paragraph 3(a)(8) shall be defined as a person who is: (a) neither an employee of a party nor anticipated to become an employee of a party in the near future; and (ii) engaged by or on behalf of a party as a bona fide consultant or expert for purposes of this litigation.

9.   The procedure for designating an outside consultant or expert," as defined in paragraph 8, to be approved for access to information or materials designated as "Confidential" shall be as follows:

Stipulation And
[Proposed] Protective Order                    -6-

a. The party seeking to have a consultant, as defined in paragraph 8 herein, approved shall provide the other party with: (i) a current resume or curriculum vitae of such person, which shall include a description of past and present employers by whom the consultant has been employed, and (subject to the second sentence of this paragraph) persons or entities by whom the consultant has been engaged in any consulting relationships within the last five (5) years, as well as a general description of the nature of such consulting engagements, and (ii) a copy of a completed and signed undertaking in the form attached hereto as Exhibit A. If a consultant is precluded by virtue of a non-disclosure agreement from disclosing either the existence or nature of any such consulting engagement or the identity of the entity for which the consulting services were or are being performed, then the consultant shall state that certain information is being withheld on that basis and may supplement his or her disclosure with such additional information as he or she believes would be helpful to the parties and the Court in determining whether any undisclosed consulting relationship would create a genuine likelihood that that consultant would, in the course of any such undisclosed engagement, use or disclose information designated "Confidential" for purposes other than this litigation.

b. Within five (5) business days after the other party's receipt of the information and signed undertaking described in subparagraph (a) from the party seeking approval, the other party may object in writing to the proposed consultant if facts available to that party show that there is a reasonable likelihood that the proposed consultant will use or disclose information designated "Confidential" for purposes other than this litigation or if the consultant states that he or she is unable to disclose information concerning other consulting engagements due to a non-disclosure agreement. The written objection shall set forth the specific factual basis for the objection. Failure to object in writing to a proposed consultant within five (5) business days shall be deemed approval, but shall not preclude a party from objecting to continued access to material designated as "Confidential" by that consultant where facts subsequently learned by the party or its counsel suggesting that such a basis for objection exist.

c. If the other party so objects, the parties shall meet and confer in good faith in an attempt to resolve their dispute without resort to the Court. If the parties' dispute remains

unresolved as of five (5) business days following the objecting party's communication of its objection, then the party seeking to make or continue disclosure to such consultant may seek a ruling from the Court as to the merits of the other party's objection. Pending a ruling by the Court, the proposed consultant shall not have access to material or information designated by the objecting party as "Confidential" unless such access has been previously approved.

10. <u>Confidential Documents and Materials at Trial</u>. The parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of material previously designated Confidential at trial. To the extent the parties fail to agree on a proposal addressing the use of such material at trial, they may submit alternative proposals to the Court.

11. <u>Further Requests for Production</u>. If, at any time, any Confidential discovery material in the possession, custody, or control of any person other than the Producing Person who originally produced such Confidential documents or materials is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the person to whom the subpoena or request is directed shall provide written notice to the person who originally produced such Confidential documents or materials within ten (10) calendar days from the date of receipt of said subpoena or request. Other than the obligation to comply with the requirements stated herein, this Order is not intended to affect a party's obligation to respond to such a subpoena or request.

12. <u>Termination</u>. The provisions of this Order shall continue to be binding after final termination of this case. Within one hundred and twenty (120) calendar days after final conclusion of all aspects of this case including any appeals, any party or person who received documents or materials designated for Confidential treatment must, at the option of the receiving party, (i) return such documents and materials to the Producing Person or (ii) certify in writing to counsel to the Producing Person that he or she has destroyed (other than counsel's copies of exhibits filed under seal with the Court and counsel's file copies of papers prepared in connection with, e.g., pleadings, court papers and other papers served in this case) those documents and materials and the portions of all other material containing such Confidential information. Notwithstanding anything contained herein to the contrary, counsel shall be permitted to retain copies of court papers and other papers served in connection with this case, transcripts (including

1  deposition transcripts), exhibits and work product containing or reflecting Confidential documents
2  or materials.

3      13.    <u>Modification Permitted</u>.  Nothing herein shall prejudice the right of the parties to
4  move to amend or modify this Order to permit the disclosure or use of discovery material
5  produced or otherwise disseminated pursuant hereto for good cause shown and where the
6  proposed disclosure is in the interest of justice.

7      14.    <u>Responsibility of Attorneys</u>.  The attorneys of record are responsible for employing
8  reasonable measures to control, consistent with this Order, duplication of, access to, and
9  distribution of copies of Confidential documents and materials.

10     15.    <u>Application to Non-Parties</u>.  Any non-party producing discovery material or giving
11 deposition testimony in this case may avail herself, himself or itself of the Confidential treatment
12 provided for in this Order for her, his or its testimony and discovery material by following the
13 procedures provided herein.  This Order shall be binding upon such non-parties unless they object
14 to its terms within fifteen (15) calendar days of service upon them of this Order.

15     16.    <u>Producing Party's Use of its Own Documents</u>.  Nothing in this Order shall limit any
16 producing person's use of its own documents or shall prevent any producing person from
17 disclosing its own Confidential information to any person.  Such disclosures shall not affect any
18 Confidential designation made pursuant to the terms of this Order so long as disclosure is made in
19 a manner which is reasonably calculated to maintain the confidentiality of the information.

20     17.    <u>Possibility of "Highly Confidential – Attorneys' Eyes Only" Material</u>:  If either
21 party believes in good faith that information to be produced or disclosed should be protected by a
22 "Highly Confidential – Attorneys' Eyes Only" designation, the parties agree to discuss in good
23 faith the possibility of a stipulation to so designate any such information.

*18. Nothing shall be filed in Court pursuant to this stipulation.*

25 STIPULATED AND AGREED TO BY:

Stipulation And      -9-
[Proposed] Protective Order

| | |
|---|---|
| 1  Dated: April 15, 2005 | BRIAN MEHLMAN |
| 2 | By his attorneys, |

/s/ Arnold Rosenblatt
_____

Arnold Rosenblatt (BBO #638526)
Cook, Little, Rosenblatt & Manson, P.L.L.C.
650 Elm Street
Manchester, NH 03101
Phone: 603-621-7100
Fax: 603-621-7111


NETWORK APPLIANCE, INC.

By its attorneys,


/s/ Michael S. D'Orsi
_____

Michael S. D'Orsi (BBO# 566960)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
Phone: 617-720-2880
Fax: 617-720-3554


/s/ Tait Graves
_____

Tait Graves (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati
One Market Street, Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2109

## ORDER

BASED ON THE FOREGOING STIPULATION, it is hereby ORDERED that the foregoing Protective Order is ENTERED as modified.

DATED this 4TH day of May, 2005.

_____
Honorable William G. Young
United States District Judge

Stipulation And                                    -10-
[Proposed] Protective Order

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN MEHLMAN<br><br>Plaintiff,<br><br>v.<br><br>NETWORK APPLIANCE, INC.,<br><br>Defendant. | Civil Action No. 04-12533-WGY |

## ACKNOWLEDGEMENT AND CONSENT OF UNDERTAKING

I hereby certify that: (i) I have read the Stipulated Order Governing Confidential Discovery Material (the "Order") that has been entered by the Court in this case, and I understand its terms; (ii) I understand that discovery material designated as Confidential under the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be bound by the provisions of the Order, including its provisions restricting disclosure of material designated as Confidential under the Order and limiting the use of such material to the conduct of this case; (iv) I hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcement of the Order.

Dated:_____        Signature: _____

Stipulation And                                              -11-
[Proposed] Protective Order