UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN MEHLMAN<br><br>Plaintiff,<br><br>v.<br><br>NETWORK APPLIANCE, INC.,<br><br>Defendant. | CIVIL ACTION NO. 04-12533-WGY |

**ANSWER, JURY DEMAND, AND AFFIRMATIVE DEFENSES
OF DEFENDANT NETWORK APPLIANCE, INC. TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOLLOWING MOTION TO DISMISS AND STIPULATION**

## **ANSWER TO THE COMPLAINT**

On May 31, 2005, the parties stipulated that, as a result of Defendant's motion to dismiss and plaintiff's decision not to re-plead one count, only Paragraphs 1-16, 27 (but only as to incorporating Paragraphs 1-16), 28-30, and the prayer for relief in Plaintiff's First Amended Complaint remain. Defendant hereby answers that remaining portion of Plaintiff's First Amended Complaint:

1. Admits that Mr. Mehlman is an individual and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 1 of the Complaint.
2. Admits the averments of paragraph 2.
3. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the Complaint.
4. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the Complaint.
5. Denies the averments of paragraph 5.
6. For its answer to paragraph 6, Defendant incorporates by reference its answers to paragraphs 1 through 5 of this Complaint.
7. Admits the averments of paragraph 7.
8. Admits that on or about September 8, 2000, Network Appliance sent Mehlman an offer letter; denies that the September 8, 2000 letter contain the full terms of Mehlman's employment; and, is without sufficient information to form a belief as to the truth of the remaining averments of paragraph 8 of the Complaint.
9. Admits that the September 8, 2000 offer letter is accurately quoted; denies that the Network Appliance acquisition of WebManage closed on November 13, 2000; and, is without sufficient information to form a belief as to the truth of the remaining averments of paragraph 9 of the Complaint.
10. Denies the averments of paragraph 10.

-2-

11. Denies the averments of paragraph 11.

12. Denies the averments of paragraph 12.

13. Admits that the value of each share of Network Appliance stock decreased between November 2000 and February 2000 and denies the remaining averments of paragraph 13.

14. Admits that it, through its administrators, periodically provided its employees with information regarding stock options and denies the remaining averments of paragraph 14.

15. Admits that some Network Appliance employees who already had vested options were able to exercise them during the period in question and denies the remaining averments of paragraph 15.

16. Denies the averments of paragraph 16.

27. For its answer to paragraph 27, Defendant incorporates by reference its answers to paragraphs 1 through 16 of this complaint.

28. Denies the averments of paragraph 28.

29. Denies the averments of paragraph 29.

## JURY DEMAND

30. Defendant requests a jury on all issues triable by jury.

## AFFIRMATIVE DEFENSES

Further answering as to all claims of the Complaint, without admitting that Network Appliance engaged in the acts and conduct set forth in the Complaint or that such acts would entitle Mehlman to the relief it seeks, Defendant avers that:

1. The Complaint fails to state grounds upon which relief can be granted.

2. All or some of the causes of action in the Complaint are barred by the doctrine of res judicata.

3. All or some of the causes of action in the Complaint are barred by the doctrine of unclean hands.

-3-

4. All or some of the causes of action in the Complaint are barred by the doctrines of waiver and/or estoppel.

5. All or some of the causes of action in the Complaint are barred by the doctrines of laches and/or acquiescence.

6. Mehlman is barred from recovery under some or all of the causes of action because Mehlman committed a breach of the contract at issue and Mehlman's conduct excused or prevented Defendant from performance of any alleged contractual obligations.

7. Mehlman is barred, in whole or in part, from recovery under some or all of the causes of action in the Complaint due to its failure to mitigate damages.

8. Mehlman is barred from recovery under some or all of the causes of action in the Complaint because Defendant's actions were privileged.

WHEREFORE, Defendant requests that the Court enter a judgment in favor of Defendants:

A. Finding that Defendant did not breach any contract with Mehlman.

B. Finding that Defendant was not unjustly enriched by its relationship with Mehlman.

C. Dismissing the Complaint with prejudice.

D. Awarding Defendant its costs and reasonable attorneys' fees for Mehlman bringing this action in bad faith;

E. Awarding Defendant any other relief as the Court deems appropriate.

Dated: June 7, 2005                    NETWORK APPLIANCE, INC.

By its attorneys,


___/s/ Michael S. D'Orsi___
Michael S. D'Orsi (BBO # 566960)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
(617) 720-2880


___/s/ Tait Graves___
James A. DiBoise (*pro hac vice*)
Tait Graves, (*pro hac vice*)
Alda C. Leu, (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati
Professional Corporation
One Market, Spear Street Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2156