UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
```
                                     *
Brian Mehlman                        *
                        Plaintiff    *
                                     *   Civil Action No. 04-12533-WGY
v.                                   *
                                     *
Network Appliance, Inc.              *
                                     *
                       Defendants    *
                                     *
```
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Brian Mehlman ("Mehlman"), through undersigned counsel, respectfully submits this statement of material facts pursuant to Local Rule 56.1.

1. In the fall of 2000, plaintiff Mehlman was employed by WebManage Technologies, Inc. ("WebManage"). See Affidavit of Brian Mehlman (hereinafter "Mehlman Affidavit") at ¶ 1.

2. As of October 5, 2000, plaintiff had been employed by WebManage for two years. Id.

3. On September 5, 2000, defendant Network Appliance, Inc. ("NetApp") announced that they acquired WebManage. Id. at ¶ 2.

4. At the time of this acquisition, Mehlman was already entitled to and owned vested and exercisable stock options pursuant to WebManage's employee stock option plan. Id. at ¶ 3. Mehlman also had additional stock option grants that were unvested. Id.

5. On or about September 8, 2000, NetApp made an offer of employment to Mehlman, memorialized in a written offer letter, affixed to the Mehlman Affidavit as Exhibit A. Id. at ¶ 4.

6. This offer of employment, drafted by NetApp, provided, in pertinent part:

> Following the commencement of your full-time employment with Network Appliance, the Company will grant to you options that have an approximate value at the closing of $600,000. This value is comprised of a value assigned shares currently owned ($347,264) with WebManage and options given upon joining Network Appliance ($252,736).

See Exhibit A to Mehlman Affidavit; Mehlman Affidavit at ¶ 4.

7. Mehlman was persuaded by the terms of the offer letter and accepted NetApp's offer of employment. See Mehlman Affidavit at ¶ 4.

8. NetApp's September 8, 2000 letter represented the terms of the employment agreement between Mehlman and NetApp. See Exhibit B to Mehlman Affidavit (Varney Transcript at pp. 9-10).

9. Mehlman joined NetApp as a full-time employee in the fall of 2000, and specifically, on November 15, 2000. See Mehlman Affidavit at ¶ 5, Exhibit C to Mehlman Affidavit (Deposition of Brian Mehlman at p. 19); Exhibit D to Mehlman Affidavit (Defendant Network Appliance, Inc.'s Objections and Responses to Plaintiff's First Set of Interrogatories at Response to Interrogatory No. 9).

10. At the time Mehlman entered into the employment contract with NetApp, he understood with precision how to calculate the value of both his vested and unvested stock options. See Mehlman Affidavit at ¶ 6. Mehlman understood that

the value of a stock option was based on the difference between the strike price and the price of the stock at the time that the option was exercised.  Id.

11. Mehlman also understood that it would be possible to impact the value of an option by adjusting the strike price.  Id. at ¶ 7.

12. At the time Mehlman entered into the employment contract, he understood that as an inducement to join NetApp, he was to be granted additional stock options that would be granted upon the commencement of his employment with Network Appliance.  Id. at ¶ 8.

13. Mehlman's vested and exercisable WebManage options were to be converted to 1600 shares of NetApp options at a strike price of $10 per share.  See Mehlman Affidavit at ¶ 9.

14. Options on an additional 300 shares at the same strike price fully vested as of January 2001.  Id. at ¶ 10.

15. The NetApp acquisition of WebManage closed on approximately November 13, 2000. See Exhibit E to Mehlman Affidavit (Varney Transcript at p. 11); Mehlman Affidavit at ¶ 11.

16. On multiple occasions between November 2000 and February 2001, Mehman inquired about selling stock options but was told he could not do so, contrary to the terms of the employment agreement.  Id. at ¶ 12.

17. NetApp did not complete all of the items necessary to fulfill the terms of the employment contract, including filing its form S-8 with the SEC, until at least January 16, 2001.  Id. at ¶ 13; see Exhibits F (Declaration of Michael D'Orsi) and G (Varney Transcript at pp. 13-14) to Mehlman Affidavit.

18. Transfer of stock options did not take place until the execution of stock assumption agreements, which took place on February 9, 2001. See Mehlman Affidavit at ¶ 14.

19. Mehlman was not able to exercise any options until after that date. Id.

20. During the period between October 1, 2000 and February 2001, the value of the NetApp stock, and thus, the value of Mehlman's options, declined at the same time. Id. at ¶ 15; Exhibit H to Mehlman Affidavit (NetApp's Objections and Responses to Plaintiff's First Set of Interrogatories at Response to Interrogatory 14).

21. Mehlman was unable to exercise any options until after February 9, 2001 and at that time, these options did not have a value of $600,000, as stated in the employment agreement, but rather, had a value of substantially less than two-thirds of that amount because of the diminution of value of NetApp stock. See Mehlman Affidavit at ¶ 16. Thus, as a result of the breach of the contract, Mehlman was damaged.

22. Mehlman performed under the terms of the contract and did not breach these terms. Id. at ¶ 17; Exhibit I to Mehlman Affidavit (Varney Transcript at p. 25).

23. Defendant conceded that its affirmative defenses have no factual support. Id. at ¶ 18; Exhibit I to Mehlman Affidavit (Varney Transcript at pp. 26-28).

                                                          Respectfully submitted,

                                                          Brian Mehlman
                                                          by his attorneys,

                                                          COOK, LITTLE, ROSENBLATT
                                                          & MANSON, P.L.L.C.

Dated: December 2, 2005                By: /s/ Arnold Rosenblatt
                                                          Arnold Rosenblatt (BBO# 638526)
                                                          650 Elm Street
                                                          Manchester, NH 03101
                                                          (603) 621-7102