**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BRIAN MEHLMAN, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 04-12533-WGY |
| NETWORK APPLIANCE, INC., | Hon. Judge William G. Young |
| Defendant. | |

**DEFENDANT NETWORK APPLIANCE, INC.'S
RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT**

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendant Network Appliance identifies the following material facts to which there are no genuine issues to be tried:

| Undisputed Material Fact: | Supporting Evidence: |
|---|---|
| 1.  Plaintiff Brian Mehlman is an individual residing in New Hampshire. | Leu Decl. Ex. A (First Amended Complaint) at ¶1. |
| 2.  Defendant Network Appliance, Inc. is a company incorporated in Delaware, with its headquarters in California. | Leu Decl. Ex. A (First Amended Complaint) at ¶2. |
| 3.  Plaintiff has sued Defendant for 1) Breach of Contract and 2) Quantum Meruit. | Leu Decl. Ex. A (First Amended Complaint); Leu Decl. Ex. C (Court Docket of March 3, 2005 and April 12, 2005); Leu Decl. Ex. D (The Parties' Stipulation Regarding Complaint). |

| Undisputed Material Fact: | Supporting Evidence: |
|---|---|
| 4. In mid-2000, Network Appliance announced its intent to acquire WebManage, a private company that had employed Defendant since 1998. | Leu Decl. Ex. B (Mehlman Deposition Transcript ("Mehlman Depo. Tr.") at 5:12-14, 76:21-77:5. |
| 5. Defendant sent Plaintiff an offer letter dated September 8, 2000. | Leu Decl. Ex. B (Mehlman Depo. Tr.) at 50:12-17. |
| 6. The Parties are uncertain as to who drafted the offer letter – WebManage, Network Appliance, both, or a third party. | Leu Decl. Ex. I (Defendant's Response to Plaintiff's Interrogatory No. 1). |
| 7. Mehlman accepted the offer of employment by signing the letter on September 14, 2000. | Leu Decl. Ex. B (Ex. 2) (Offer Letter); Leu Decl. Ex. B (Mehlman Depo. Tr.) at 39:4-12. |
| 8. The letter contains an integration clause. | Leu Decl. Ex. B (Ex. 2) (Offer Letter). |
| 9. Mehlman asserted that apart from the employee benefit documents and the invention assignment agreement and the offer letter, there were no other components of the employment contract. | Leu Decl. Ex. B (Mehlman Depo. Tr.) at 39:17-40:2. |
| 10. Plaintiff contends there were no other agreements other than the offer letter that was breached by Defendant. | Leu Decl. Ex. B (Mehlman Depo. Tr.) at 49:2-5. |

| Undisputed Material Fact: | Supporting Evidence: |
|---|---|
| 11. Plaintiff contends that Defendant breached the following term of the offer letter: "The effective date of the position will be upon the close of the acquisition of WebManage by Network Appliance, which is anticipated to be around October 1, 2000." | Leu Decl. Ex. B (Ex. 1) (Plaintiff's Response to Defendant's First Set of Interrogatories No. 4); Leu Decl. Ex. B (Mehlman Depo. Tr.) at 49:6-12. |
| 12. Plaintiff contends that the above contractual term was breached because the acquisition did not close until mid-November. | Leu Decl. Ex. B (Mehlman Depo. Tr.) at 49:22-50:3. |
| 13. Plaintiff contends that Defendant breached the following term of the offer letter: "Following commencement of your full-time employment with Network Appliance, the Company will grant you options that have an approximate value at the closing of $600,000." | Leu Decl. Ex. B (Ex. 1) (Plaintiff's Response to Defendant's First Set of Interrogatories No. 4); Leu Decl. Ex. B (Mehlman Depo. Tr.) at 49:6-12. |
| 14. Plaintiff contends that Defendant breached its contract with Plaintiff by not providing Plaintiff with appropriate paperwork for possession and exercise of his shares on his first day of work at Network Appliance. | Leu Decl. Ex. B (Mehlman Depo. Tr.) at 55:22-56:18, 62:17:21. |
| 15. Plaintiff contends that Defendant breached its contract with Plaintiff because by the time Defendant received his paperwork, the options were worth less than $600,000 and Network Appliance failed to compensate him or adjust for the difference. | Leu Decl. Ex. B (Mehlman Depo. Tr.) at 61:18-62:9. |

| Undisputed Material Fact: | Supporting Evidence: |
|---|---|
| Mr. Mehlman agreed that "the phrase 'at the closing' gives some sort of temporal time period for the approximate value" of the shares. | Leu Decl. Ex. B (Mehlman Depo. Tr.) at 53:14-17. |
| 16. There is nothing in the contract promising any adjustment of that valuation after the S8 was filed and paperwork was delivered. | Leu Decl. Ex. B (Mehlman Depo. Tr.) at 62:11-16; Leu Decl. Ex. B (Ex. 2) (Offer Letter). |
| 17. The acquisition of WebManage by Network Appliance closed on or around November 13, 2000. | Leu Decl. Ex. E (Certificate of Merger – Delaware); Leu Decl. Ex. F (Certificate of Merger – California). |
| 18. Mr. Mehlman received 7,605 converted WebManage options as a result of the Network Appliance acquisition. As of November 15, 2000, 1,588 of those shares were vested. | Leu Decl. Ex. I (Defendant's Response to Interrogatory No. 1). |
| 19. Network Appliance's share value closed at $84.50 on November 13, 2000, $76.12 on November 15, 2000, $58.12 on January 16, 2001, and $45.00 on February 15, 2001. | Leu Decl. Ex. G (Yahoo! Finance Historical Prices). |
| 20. Plaintiff began employment at Network Appliance on or around November 15, 2005. | Leu Decl. Ex. B (Mehlman Depo. Tr.) at 98:98-9. |
| 21. Network Appliance registered the shares associated with its acquisition of WebManage on January 16, 2001 by filing a Form S-8 with the Securities and Exchange Commission. | Leu Decl. Ex. H (S-8). |

Rule 56.1 Statement.DOC

| Undisputed Material Fact: | Supporting Evidence: |
|---|---|
| 22. Plaintiff was informed on January 19, 2001 that he was able to exercise his vested Network Appliance shares. | Leu Decl. Ex. B (Mehlman Depo. Tr.) at 112:16-113:11; Leu Decl. Ex. B (Ex. 8) (Chris Liotta email). |
| 23. Plaintiff received three Stock Assumption Agreements from Network Appliance regarding Plaintiff's WebManage options around February 9, 2001. | Leu Decl. Ex. B (Mehlman Depo. Tr.) at 96: 4-97:15. |
| 24. Plaintiff did not sell any converted Network Appliance options related to the WebManage conversion until June 2, 2003. | Leu Decl. Ex. B (Ex. 1) (Plaintiff's Response to Interrogatory No. 3). |
| 25. Mehlman left Network Appliance in July 2004. | Leu Decl. Ex. B (Mehlman Depo. Tr.) at 19:24-20:4. |
| 26. Mehlman's quantum meruit claim is also based on his allegations that Network Appliance did not timely provide him with stock options of a certain value. | Leu Decl. Ex. B (Mehlman Depo. Tr.) at 38:12-39:3. |
| 27. Mehlman did not form his current beliefs about what the contract entitled him to until 2003. | Leu Decl. Ex. B (Mehlman Depo. Tr.) at 148:10-17; 149:2-6. |

DATED: December 2, 2005                    NETWORK APPLIANCE, INC.

By its attorneys,

/S/ Tait Graves
James A. DiBoise (*pro hac vice*)
Tait Graves, (*pro hac vice*)
Alda C. Leu, (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati
Professional Corporation

Rule 56.1 Statement.DOC

One Market, Spear Street Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2156

/S/ Michael S. D'Orsi
Of Counsel:

Michael S. D'Orsi (BBO #566960)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
(617) 720-2880

Rule 56.1 Statement.DOC