UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BRIAN MEHLMAN,

       Plaintiff,

v.

NETWORK APPLIANCE, INC.,

       Defendant.

CIVIL ACTION NO. 04-12533-WGY

Hon. Judge William G. Young

**DEFENDANT NETWORK APPLIANCE, INC.'S REPLY TO PLAINTIFF BRIAN MEHLMAN'S RESPONSE TO DEFENDANT'S RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

| Undisputed Material Fact: | Opposition: | Reply: |
|---|---|---|
| 6. The Parties are uncertain as to who drafted the offer letter – WebManage, Network Appliance, both, or a third party. | Disputed. The offer-letter appears on Net App letterhead and is signed by Chris Carlton, NetApp's Vice President of Human Resources during the applicable time frame. See September 8, 2000 Letter, affixed to the Declaration of Alda C. Leu in Support of Network Appliance, Inc.'s Motion for Summary Judgment as Exhibit B-2 ("Leu Decl."). This letter was plainly sent on behalf of NetApp and it is not material to this dispute whether Net App was assisted by counsel in drafting the letter they ultimately signed and sent to plaintiff for his acceptance. | Defendant conducted an investigation and remains unsure whether WebManage and/or its attorneys who helped prepare papers associated with the Network Appliance/WebManage acquisition drafted or assisted in the drafting of the offer letter. Mr. Mehlman offers no evidence one way or the other as to the identities of the drafter(s). Thus, the drafter(s) remain unknown. |
| 11. Plaintiff contends that Defendant breached the following term of the offer | Disputed in part. This statement, in combination with the statement set forth | Defendant accepts that Plaintiff's "stock option" dispute, described at Fact |

| Undisputed Material Fact: | Opposition: | Reply: |
|---|---|---|
| letter: "The effective date of the position will be upon the close of the acquisition of WebManage by Network Appliance, which is anticipated to be around October 1, 2000." | in number 12 below, mischaracterizes plaintiff's breach of contract claim. In particular, defendant's motion for summary judgment artificially divides plaintiff's breach of contract claim into three discrete claims: (1) the so-called start-date claim; (2) the so-called option delivery claim; and (3) the so-called adjustment claim. See NetApp's Memorandum of Points and Authorities at pp. 1-2.<br><br>The statements set forth in number 11 and 12 relate to NetApp's artificial creation of a start-date claim, which appears to rely upon Mehlman's answer to the question, "What part of this sentence here do you claim in this lawsuit that Network Appliance breached," which was, "The date wasn't October 1. It wasn't around October 1 in my mind." See NetApp's Memorandum of Points and Authorities at p. 6 (citing Mehlman Deposition Transcript at 50:7-8). However, this sentence must be read within the context of the deposition. Specifically, plaintiff's responses to the questions asked immediately thereafter indicated that plaintiff was referring only to the stock option issue and led to the following clarifying interchange:<br><br>Q: Putting aside the stock options issue that we'll get to in a few minutes. Is there anything other than the stock option dispute that you claim was | Nos. 13 and 14, comprises the entirety of Plaintiff's breach of contract claim. |

| **Undisputed Material Fact:** | **Opposition:** | **Reply:** |
|---|---|---|
| | breached by Network Appliance telling you that the close would be around or anticipated to be October 1, 2000? A. No. In fact, I believe I was getting paid by NetApp prior to even the October 1st date. Q: Okay. So the breach that you're leading to is the stock option dispute? A: That is correct. See Exhibit B (Mehlman Depo. Transcript) to Leu Decl. at pp. 50:18-51:4. | |
| 12. Plaintiff contends that the above contractual term was breached because the acquisition did not close until mid-November. | Disputed. See response to Number, set forth immediately above. | Defendant accepts that Plaintiff's "stock option" dispute, described at Fact Nos. 13 and 14, comprises the entirety of Plaintiff's breach of contract claim. |
| 15. Plaintiff contends that Defendant breached its contract with Plaintiff because by the time Defendant received his paperwork, the options were worth less than $600,000 and Network Appliance failed to compensate him or adjust for the difference. | Disputed. As stated in Response to Number 11, this sentence, which frames defendant's so-called adjustment claim, mischaracterizes plaintiff's breach of contract claim. In particular, apart from stating his belief as to how NetApp might have handled the situation differently, Mehlman does not assert a claim that NetApp breached the parties' agreement by failing to adjust the value of his shares back to $600,000 many weeks after the closing, as is asserted by defendant. See NetApp's Memorandum of Points and Authorities at pp. 2, 9. Rather, plaintiff asserts that pursuant to the plain language of the contract, upon joining NetApp as a full-time employee, plaintiff was entitled to certain stock options with | Defendant accepts that Plaintiff's "stock option" dispute, described at Fact Nos. 13 and 14, comprises the entirety of Plaintiff's breach of contract claim. |

| Undisputed Material Fact: | Opposition: | Reply: |
|---|---|---|
|  | a value of approximately $600,000. Mehlman simply noted at his deposition that NetApp could have corrected its failure to comply with the terms of the contract by adjusting the value at a later date. See Leu Decl. at Exhibit B (Mehlman Depo. Transcript) at pp. 61:18-62:10. |  |
| 20. Plaintiff began employment at Network Appliance on or around November 15, 2005. | Disputed, as plaintiff began employment at Network Appliance on or around November 15, 2000, not 2005. See NetApp's Memorandum of Points and Authorities at p.3. | Defendant accepts this correction of an inadvertent typographical error. |

DATED: January 17, 2006                     NETWORK APPLIANCE, INC.

By its attorneys,

/s/ Tait Graves
James A. DiBoise (*pro hac vice*)
Tait Graves, (*pro hac vice*)
Alda C. Leu, (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati
Professional Corporation
One Market, Spear Street Tower, Suite 3300
San Francisco, CA  94105
(415) 947-2156
tgraves@wsgr.com

/s/ Michael S. D'Orsi
Of Counsel:

Michael S. D'Orsi (BBO #566960)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA  02108
(617) 720-2880
msd@dcglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 17, 2006.

DATED:      January 17, 2006                     /s/ Michael S. D'Orsi