UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BRIAN MEHLMAN,

    Plaintiff,

v.

NETWORK APPLIANCE, INC.,

    Defendant.

CIVIL ACTION NO. 04-12533-WGY

Hon. Judge William G. Young

**DEFENDANT NETWORK APPLIANCE, INC.'S MOTION *IN LIMINE* NO. 1**

I.  **INTRODUCTION**

Defendant Network Appliance, Inc. respectfully seeks a ruling on its first of four motions *in limine*. In this motion, Network Appliance seeks to bar evidence and testimony in support of Plaintiff Brian Mehlman's former tort and contract claims, because the only cause of action left for trial is quantum meruit. Mr. Mehlman must limit his arguments to the elements of a quantum meruit claim, and may not act as if his former tort and contract claims are still in the case. Allowing him to do otherwise would be prejudicial to Network Appliance and confusing to the jury.

II.  **MOTION *IN LIMINE* NO. 1: TO BAR EVIDENCE OF FORMER CAUSES OF ACTION**

A.  **Overview.**

When this lawsuit began, Mr. Mehlman had several cases of action – in tort, in contract, and in quantum meruit. As a result of Network Appliance's motion to dismiss and motion for summary judgment, Mr. Mehlman has one cause of action remaining – for quantum meruit. The elements of a quantum meruit claim are quite different from those of his former tort and contract claims.

Network Appliance is concerned that Mr. Mehlman may, in the guise of quantum meruit, seek to introduce evidence and testimony to support the elements of his former tort and contract claims, and thereby to influence the jury with legal theories that are no longer part of this case. To avoid this threat, and under Federal Rule of Evidence 403, Network Appliance respectfully seeks a ruling *in limine* that Mr. Mehlman must argue his case and present evidence only according to the elements of his quantum meruit claim, and not according to legal theories that are no longer in the case.

B.  **Elements of Quantum Meruit Differ from Elements of the Former Claims.**

The elements of a quantum meruit claim are quite different from those of Mr. Mehlman's former claims. A quantum meruit claim requires that the plaintiff establish (1) that the plaintiff conferred a measurable benefit on the defendant; (2) that the defendant accepted the benefit with the reasonable expectation of compensating the plaintiff; (3) that the plaintiff

conferred the benefit with a reasonable expectation of receiving compensation from the defendant; and, as the measure of damages, (4) the reasonable value of the defendant's unjust enrichment from the benefit conferred. *See, e.g., Bolen v. Paragon Plastics, Inc.*, 747 F. Supp. 103, 107 (D. Mass. 1990) (describing elements); *Park Drive Towing, Inc. v. City of Revere*, 800 N.E.2d 331, 335 n.5, 60 Mass.App.Ct. 173, 177 n.5 (Mass Ct. App. 2003) (measure of damages).

Here, that means Mr. Mehlman must argue that (1) he conferred a benefit upon Network Appliance above and beyond his actual compensation received; (2) that Network Appliance reasonably expected to pay him more for that benefit; (3) that Mr. Mehlman reasonably expected to receive more for the benefit; and (4) that Network Appliance was unjustly enriched from the benefit and owes Mr. Mehlman some measurable value in damages.

This is clearly a narrower theory of recovery, with stricter requirements, than Mr. Mehlman's former tort and contract claims. Those claims broadly asserted that Network Appliance owed money for breached duties and breached promises:

- **Elements of the Former Tort Claims**: Specifically, Mr. Mehlman's tort claims sought to argue that Network Appliance owed and breached duties to Mr. Mehlman by not timely filing a document with the government, in particular that Network Appliance:

(a) Owed a fiduciary duty to Mr. Mehlman to file a Form S-8 with the Securities and Exchange Commission "on a timely basis." *See* First Amended Complaint ¶¶ 17-19;

(b) Negligently breached a duty to Mr. Mehlman by "failing to file the Form S-8 on a timely basis." *See id.* ¶¶ 23-26

- **Elements of the Former Contract Claim**: In turn, Mr. Mehlman's contract claim argued that he and Network Appliance entered into a contract under which Network Appliance promised to give him shares with a guaranteed value of $600,000, and to do so on his first day of work. *See id.* ¶¶ 6-16; Declaration of A. Leu in Support of Network Appliance's Motion for Summary Judgment (excerpts from Mr. Mehlman's deposition). The Court held that the parties

did not reach a meeting of the minds on the word "value" in the key sentence of the parties' employment agreement.

### C. Mr. Mehlman Should Be Barred from Arguing Tort and Contract Theories and Evidence at Trial.

Network Appliance would be prejudiced under Federal Rule of Evidence 403 at trial if Mr. Mehlman were able to present evidence and testimony under his former tort and contract theories. The jury would be confused as to which alleged wrong is at issue and confused as to how to assess the parties' arguments. Because quantum meruit is a much tougher theory for a plaintiff to prove, it would be unfair if Mr. Mehlman were able to present a tort or contract case in disguise to lower the bar for the alleged wrong he must establish.

For these reasons, Network Appliance respectfully requests an order *in limine* barring Mr. Mehlman from presenting evidence or testimony at trial to argue that (1) Network Appliance owed and breached a duty to Mr. Mehlman to timely file a Form S-8 with the SEC; and (2) Network Appliance made a binding promise to Mr. Mehlman to provide a certain value of options or options on a certain day. He must proceed according to the elements of a quantum meruit claim, and a quantum meruit claim only.

### III. CONCLUSION

For all of the reasons described above, Network Appliance requests an order granting its first motion *in limine*.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Network Appliance, Inc. hereby respectfully requests oral argument on its Motion.

DATED: February 21, 2006               NETWORK APPLIANCE, INC.

By its attorneys,


/S/ Tait Graves
James A. DiBoise (*pro hac vice*)
Tait Graves, (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati
Professional Corporation
One Market, Spear Street Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2156

/S/ Michael D. D'Orsi
Of Counsel:

Michael S. D'Orsi (BBO #566960)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
(617) 720-2880

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

The undersigned hereby certifies that counsel for Network Appliance, Inc. has conferred with counsel for Brian Mehlman and attempted in good faith to resolve or narrow the issues presented by this Motion.

/s/Michael S. D'Orsi

Dated: February 21, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 21, 2006.

/s/Michael S. D'Orsi

Dated: February 21, 2006