UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN MEHLMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NETWORK APPLIANCE, INC.,<br><br>　　　　Defendant. | CIVIL ACTION NO. 04-12533-WGY<br><br>Hon. Judge William G. Young |

**DEFENDANT NETWORK APPLIANCE, INC.'S MOTION *IN LIMINE* NO. 2**

I.  **INTRODUCTION**

Defendant Network Appliance, Inc. respectfully seeks a ruling on the second of its four motions *in limine*. In this motion, Network Appliance seeks to bar evidence and testimony on a mitigation of damages issue where Mr. Mehlman has already admitted that he has no argument. Specifically, Network Appliance believes that Mr. Mehlman will argue at trial that he is entitled to damages because he received Network Appliance stock options in early 2001 and waited to sell them until 2003, when their value was lower. Mr. Mehlman seeks to charge Network Appliance for his own decision not to sell share when their value was higher. Because he admitted in deposition that he would not pursue that argument, evidence on that point should be barred. Network Appliance is not responsible under any theory for Mr. Mehlman's failure to mitigate his alleged damages, and Mr. Mehlman is bound by his own admissions.

II.  **MOTION *IN LIMINE* NO. 2: TO BAR EVIDENCE ON ALLEGED DAMAGES MR. MEHLMAN ADMITTEDLY FAILED TO MITIGATE.**

Network Appliance's second motion *in limine* seeks to bar evidence or testimony from Mr. Mehlman that Network Appliance is responsible for Mr. Mehlman's own decision not to sell shares until 2003 that he could have sold much earlier, in 2001 – when they were worth at least $40,000 more. Mr. Mehlman admitted in deposition that this argument is not defensible, but apparently still plans to raise it at trial.

The parties agree that Mr. Mehlman was able to sell shares from the vested portion of his stock options on a date in early 2001 no later than February 9, 2001. *See* Joint Pretrial Submission, Feb. 21, 2006, at Section 2, ¶ 15. The parties also agree that Mr. Mehlman did not sell any shares from his stock options until 2003, when the value was lower than it had been in early 2001. *See id.* ¶¶ 16-17. At his deposition in August 2005, Mr. Mehlman admitted that he did not seek to hold Network Appliance responsible for his own decision not to sell the shares when they were worth more:

> Q. For example, in mid-February 2001 the share price had gone down from what it was earlier but if was nevertheless higher than it was at later points; is that correct?
>
> A. That is correct.
>
> Q. So if you had sold them in mid-February – those that were vested in February of 2001, you could have made more money than you did make by selling them on later dates when the price had fallen?
>
> A. That is a true statement.
>
> [....]
>
> Q. As part of your accusation in the lawsuit, you are claiming money damages.
>
> A. That is correct.
>
> Q. What I'm trying to find out is, are you claiming that Network Appliance should have to pay you money for the specific amounts of money that are the differential between the money you got on the dates you did sell and the money you could have gotten on days that you could have sold but chose not to?
>
> A. That's something that happened after receiving the stock. The answer is no. It is the differential before receiving the stock according to the contract.

*See* Declaration of Tait Graves, Exhibit A (deposition of Mr. Mehlman at 135:5-15; 136:15-137:4).

These statements are binding admissions by Mr. Mehlman regarding responsibility for his failure to mitigate his alleged damages as to the vested portion of his stock options. Given these admissions, there is no reason to permit Mr. Mehlman to appear at trial and claim that Network Appliance is somehow liable for Mr. Mehlman's own decision not to sell the shares in early 2001, and to instead wait until 2003, when they were worth tens of thousands of dollars less.

Resolving this mitigation of damages issue before trial may help the parties settle the case. Thus, Network Appliance respectfully requests an order *in limine* that Mr. Mehlman may not contradict his own admissions and argue that Network Appliance must pay the money difference between the value Mr. Mehlman received from selling shares in 2003 and the value he could have received by selling shares in early 2001.

### III. CONCLUSION

For all of the reasons described above, Network Appliance requests an order granting its second motion *in limine*.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Network Appliance, Inc. hereby respectfully requests oral argument on its Motion.

DATED: February 21, 2006        NETWORK APPLIANCE, INC.

By its attorneys,

/S/ Tait Graves
James A. DiBoise (*pro hac vice*)
Tait Graves, (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati
Professional Corporation
One Market, Spear Street Tower, Suite 3300
San Francisco, CA  94105
(415) 947-2156

/S/ Michael D. D'Orsi
Of Counsel:

Michael S. D'Orsi (BBO #566960)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA  02108
(617) 720-2880

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

The undersigned hereby certifies that counsel for Network Appliance, Inc. has conferred with counsel for Brian Mehlman and attempted in good faith to resolve or narrow the issues presented by this Motion.

/s/Michael S. D'Orsi

Dated: February 21, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 21, 2006.

/s/Michael S. D'Orsi

Dated: February 21, 2006