UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN MEHLMAN, <br><br> Plaintiff, <br><br> v. <br><br> NETWORK APPLIANCE, INC., <br><br> Defendant. | CIVIL ACTION NO. 04-12533-WGY <br><br> Hon. Judge William G. Young |

**DEFENDANT NETWORK APPLIANCE, INC.'S MOTION *IN LIMINE* NO. 4**

I.  **INTRODUCTION**

Defendant Network Appliance, Inc. respectfully seeks a ruling on the fourth of its four motions *in limine*. In this motion, Network Appliance seeks to establish the admissibility of evidence that Mr. Mehlman received a salary and additional stock option grants from Network Appliance during his employment. Mr. Mehlman seeks to block this evidence on relevance grounds. The evidence is relevant to defeat Mr. Mehlman's quantum meruit claim because Network Appliance must establish Mr. Mehlman's complete compensation in order to show that he was fully compensated for the services he provided. Whether or not Mr. Mehlman agrees regarding the question of full compensation, Network Appliance has a right to introduce the evidence to show how much compensation Mr. Mehlman in fact received.

II. **MOTION *IN LIMINE* NO. 4: TO ESTABLISH THE ADMISSIBILITY OF COMPENSATION EVIDENCE**

Network Appliance respectfully requests an order *in limine* establishing the relevance of ten documents that help show the total compensation Mr. Mehlman received from Network Appliance during his employment from 2000 to 2004, as well as Mr. Mehlman's experience with and knowledge of shares and stock markets. Mr. Mehlman has objected to each exhibit on relevance grounds.

The documents help establish that Network Appliance gave Mr. Mehlman additional stock options as part of his compensation over the years, paid him a salary, and also show that Mr. Mehlman owned other stocks and thus knows something about the way stock markets work.

In a quantum meruit case – where the plaintiff seeks to prove that he conferred an uncompensated benefit on the defendant – the defendant has a right under Federal Rules of Evidence 401 and 402 to introduce documents that help establish the total compensation that the plaintiff did in fact receive. And where a plaintiff seeks to argue that Network Appliance is responsible for a decline in the NASDAQ, a document that shows that the plaintiff understands stock markets is relevant to establish the reasonableness of the plaintiff's asserted expectations.

Each of these documents is thus relevant for that purpose and Network Appliance should thus be free to use the exhibit at trial:

| Trial Ex. D | Confirmation of Exercise Documents (shows exercise of shares Mr. Mehlman received from Network Appliance stock options) | NetApp 000027-32 | Plaintiff objects (relevance) |
|---|---|---|---|
| Trial Ex. E | Stock Option Grants (shows Network Appliance grant of stock options to Mr. Mehlman in 2001 and 2002) | NetApp 000011-16 | Plaintiff objects (relevance) |
| Trial Ex. F | Notice of Separation and Employee Information Documents (shows annual salaries Network Appliance paid Mr. Mehlman) | NetApp 000062-65 | Plaintiff objects (relevance) |
| Trial Ex. G | March 7, 2002 Mahoney email to Mehlman 2002 (shows numerous Network Appliance grants of stock options to Mr. Mehlman) | NetApp 000267-268 | Plaintiff objects (relevance) |
| Trial Ex. H | March 7, 2001 Mahoney email to Mehlman (shows Mr. Mehlman's knowledge of his vesting schedule for some of the WebManage-related stock options from Network Appliance) | NetApp 000269-70 | Plaintiff objects (relevance) |
| Trial Ex. I | March 22, 2001 Network Appliance letter to Mehlman (shows Network Appliance grant of stock options to Mr. Mehlman in 2001) | M0030 | Plaintiff objects (relevance) |
| Trial Ex. J | Option Grant Notice (shows Network Appliance grant of stock options to Mr. Mehlman in 2001) | M0038 | Plaintiff objects (relevance) |
| Trial Ex. K | Income Documents (shows exercise of shares Mr. Mehlman received from Network Appliance stock options) | M0181-0187 | Plaintiff objects (relevance) |
| Trial Ex. L | Investment Documents (shows Mr. Mehlman's exercise of shares received from Network Appliance stock options and also shows that Mr. Mehlman owned other shares and thus understands how stock markets work) | M0190-193 | Plaintiff objects (relevance) |
| Trial Ex. M | Exercise Related Documents (shows exercise of shares Mr. Mehlman received from Network Appliance stock options) | M0233-263 | Plaintiff objects (relevance) |

*See* Declaration of Tait Graves, Exhibit C (attaching Trial Exhibits D-M above). Network Appliance thus respectfully requests an order *in limine* establishing the relevance of the ten documents listed above.

### III. CONCLUSION

For all of the reasons described above, Network Appliance requests an order granting its fourth motion *in limine*.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Network Appliance, Inc. hereby respectfully requests oral argument on its Motion.

DATED: February 21, 2006                NETWORK APPLIANCE, INC.

By its attorneys,

/S/ Tait Graves
James A. DiBoise (*pro hac vice*)
Tait Graves, (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati
Professional Corporation
One Market, Spear Street Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2156

/S/ Michael D. D'Orsi
Of Counsel:

Michael S. D'Orsi (BBO #566960)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
(617) 720-2880

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

The undersigned hereby certifies that counsel for Network Appliance, Inc. has conferred with counsel for Brian Mehlman and attempted in good faith to resolve or narrow the issues presented by this Motion.

/s/Michael S. D'Orsi

Dated: February 21, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 21, 2006.

/s/Michael S. D'Orsi

Dated: February 21, 2006